NATHAN IRWIN, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

Where a conviction was based upon confessions induced by the threatening acts of the parties obtaining the same, though no language was used expressly extending the hope of benefit or fear of injury, a new trial will be ordered.

Criminal law. Confessions. Evidence. New trial. Before Judge HOPKINS. Clayton Superior Court. September Term, 1874.

For the facts, see the decision.

H. C. GLENN; E. A. ANGIER; JAMES T. SPENCE, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of larceny from the house, and on the trial thereof the jury found the defendant guilty. A motion was made for a new trial on the ground that the verdict was contrary to law, contrary to the evidence, and without evidence, for newly discovered testimony, and because the witness on whose testimony he was convicted had been found guilty of perjury upon his own confession in open court. The motion for a new trial was overruled by the court, and the defendant excepted. It appears from the record that the defendant was found guilty on the evidence of Pucket and Eubanks, as to his confessions made to them, and on the testimony of an accomplice. To make a confession legal evidence, which would authorize a conviction, it must have been made *voluntarily*, without being induced by another by the *slightest* hope of benefit or *remotest* fear of injury : Code, section 3793. Before the confession was made the defendant was taken out into the woods by two or three men, with at least two pistols and a rope,

and was told by them that they knew all about his taking the trunk, and that he then and there owned it. Pucket, whose trunk was alleged to have been stolen, stated that he told defendant if he would tell him where the money was it would be *much better for him.* In looking through the whole evidence of Pucket and Eubanks, in relation to the confession made by the defendant, the circumstances under which it was made, as detailed by them, we are clearly of the opinion that it was not such a *voluntary* confession as would, under the law, have authorized the jury to find the defendant guilty of the offense charged in the indictment. *Acts* of the parties obtaining the confession often speak louder than *words* in operating upon the mind of the defendant to induce him to confess. Assuming that the court charged the jury correctly as to the law applicable to confessions, then the verdict was contrary to the charge of the court, and therefore illegal. The record of the conviction of the accomplice, for perjury, on the trial of the defendant, is not embodied in the record now before us, and therefore we cannot consider it. In our judgment, the court erred in overruling the motion for a new trial on the statement of facts disclosed in the record.

Let the judgment of the court below be reversed.