### ECHOLS *v.* THE STATE.

It is error to charge the jury as to a state of facts not authorized by the evidence.

Submitted December 21, 1903. — Decided January 12, 1904.

Indictment for adultery and fornication.　Before Judge Kimsey.　Habersham superior court.　November 3, 1903.

*Robert McMillan* and *J. B. Jones,* for plaintiff in error.
*W. A. Charters, solicitor-general,* contra.

SIMMONS, C. J.   An indictment was found against Echols for adultery and fornication.   He was convicted, and his motion for a new trial was overruled.   He excepted.   One of the grounds of the motion complained of the following charge of the court:   " If a man goes to [a brothel] and remains there for some time alone with a common prostitute in a room, it might be considered by you as sufficient proof of the crime."   One complaint of this charge was that there was no evidence upon which to base it. After a careful study of the evidence contained in the record we find that the complaint is well founded.   While the evidence showed that the accused frequently visited the house of the woman with whom he was charged with having had illegal intercourse, and that the reputation of the house was bad, there was no evidence that the accused was ever alone in the house with her or that they were ever in the same room of that house.   We think, therefore, that it was error for the judge to assume the state of facts set out in his charge, when the same could at most be arrived at only by an inference by the jury.   In view of the evidence that the accused had frequently visited the house, the charge complained of was calculated to injure the case of the accused before the jury.

*Judgment reversed.   All the Justices concur.*