## 1659.   HENDRIX *v.* THE STATE.

RUSSELL, J.   1. The evidence authorized the verdict, and there was no error in refusing a new trial.

(a) One who furnishes intoxicating liquor at a public place is guilty of a violation of the act of 1907 (Acts of 1907, p. 81), even if he is not the owner of such liquor.

(b) Where the evidence shows that the intoxicating liquor sold or fur-
nished at the place of business in question was in the entire charge
of the accused, it is not error for the judge to instruct the jury that
if the defendant assented to the furnishing of the intoxicating liquor in
question, he might be found guilty.

(c) The instruction upon the defendant's statement to the jury, considered
as a whole, was not erroneous, the jury having been told that they had
a right to believe the statement, and the right to believe it even in
preference to the sworn testimony. An instruction that they could
take the evidence from the witnesses and from the statement of the
prisoner, if they so desired, was neither erroneous nor unfavorable to
him.                                               *Judgment affirmed.*

Accusation of violating prohibition law, from city court of Sa-
vannah—Judge Freeman.   December 30, 1908.

Submitted February 10,—Decided March 16, 1909.

The accusation charged the defendant with having kept and
furnished intoxicating liquors at a public place; also with having
kept such liquors on hand at his place of business, etc.   A wit-
ness, from whom a satchel containing whisky had been taken by a
policeman, testified, that the accused gave him the whisky; he did
not buy it; that it was given to him at a certain place of business,
and the accused was in charge of the place.   The policeman and a
detective testified that they found at the place mentioned (which
was a bar and pool-room) a large quantity of whisky in bottles
and in a barrel.   According to testimony introduced by the ac-
cused, and his statement to the jury, the place belonged to one
Woods, and the business was conducted by the accused as an em-
ployee of the owner.   Besides the general grounds, that the ver-
dict was without evidence to support it, etc., the motion for a
new trial contained the following grounds: (1)   The court erred
in charging the jury as follows:   "To sell or barter, for valuable
consideration, whisky, or to keep it on hand at one's place of busi-
ness, is violative of the law.   And I charge you, in that connec-
tion, that in misdemeanors all are principals, and if the defendant
has been shown, beyond a reasonable doubt, to have been connected
with this offense, if any, and this offense is shown to have been es-
tablished beyond a reasonable doubt, he would be guilty, whether
the place was run by him or not.   In other words, if it is estab-
lished, beyond a reasonable doubt, that this place was a public
place of business, and there was kept therein intoxicating liquor,
or if it be shown that there was sold from that place, with the con-

nivance, or assistance, or assent of this defendant, and he is shown beyond a reasonable doubt to have been connected with the conduct of that place, he would be guilty, although he would not or might not be the owner of the place—the proprietor of the place." It is alleged that the error in this charge is that it instructed the jury that if the place of business in question was a public place of business, and the defendant was employed there, and liquor was sold from the place with his assent, such action would render him guilty of the offense charged, even though the sale was made without his connivance or assistance. It is contended that even if the place was a public place, and the defendant was employed there, and gave his assent to another person violating the law, such assent or failure to protest would not render him guilty of the offense charged. (2) The court erred in charging as follows: "On the trial of all criminal cases the jury shall be the judges of the law and the facts. They are the exclusive judges of the facts. They take the law from the court and the testimony from the witnesses and the evidence submitted to them, and, if they so desire, from the prisoner's statement, applying the one to the other and finding their verdict accordingly." It is alleged that this was error because it instructed the jury that they should only consider the defendant's statement in case they should so desire, whereas, under the law, it is the duty of the jury to consider the prisoner's statement in all cases, and to give it such weight as they may deem proper; also because this part of the charge of the court is contradictory of another portion of the charge, where the jury were instructed that they had a right to believe the prisoner's statement in preference to the sworn testimony; and this conflict tended to confuse them.

*Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra