## 1746. LEWIS v. THE STATE.

1. In a criminal case where guilt is dependent wholly upon circumstantial evidence, the jury should be instructed that if the proved facts are consistent with innocence, the defendant is entitled to an acquittal.

2. Where one is charged with the offense of keeping on hand at his place of business alcoholic, spirituous, malt, or intoxicating liquors, prohibited by law, and intoxicating liquors are shown to have been found there, such evidence is sufficient to support the inference that the forbidden liquors were kept by him; but this inference is not conclusive, for it may be shown, among other things, that they were not the property of the accused, that they had been temporarily deposited in his place of business by some other person, and that he had no knowledge of their presence or existence.

Accusation of keeping whisky at place of business, from city court of Oglethorpe—Judge Greer. February 1, 1909.

Argued March 30,—Decided May 18, 1909.

*Hixon & Greer, L. J. Blalock,* for plaintiff in error.

*Jule Felton, solicitor,* contra

RUSSELL, J. Lewis was tried and convicted of the offense of keeping on hand at his place of business,—to wit, his barber shop, —"certain alcoholic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks, which, if drunk to excess, will produce intoxication." He excepts to the judgment overruling his motion for new trial. The evidence for the State showed, that about ten o'clock in the morning, a policeman entered the defendant's barber shop, and found in a room, formerly used as a bath-room, four quart bottles of whisky. The defendant had charge of this former bath-room, and a door led from it into his barber shop proper. The evidence in behalf of the defendant disclosed that the bath-room had a window shutter on the outside, but no door except the one opening into the barber shop; and this door was open at the time the whisky was found. The shop is a public shop, where people are coming in and going out all the time, getting hair cut and being shaved. The defendant contended that some one else put the whisky into his shop the night before; he stated that the panes of glass had fallen out of the window, and that for anybody to get in, there was nothing to do but raise the window, which was not locked or fastened. The evidence shows that the shop had been searched before for whisky, but none had

ever been found there, and that the four bottles of whisky found on this occasion were all full.

We think the evidence was sufficient to raise the inference that the defendant was keeping the whisky in question on hand at his place of business, and, for that reason, was sufficient to support conviction. Express exception is taken, however, to the fact that the court failed to charge the jury the law upon the subject of circumstantial evidence, inasmuch as the evidence in the case at bar was entirely circumstantial, and not wholly inconsistent with the hypothesis that the liquor found in the defendant's possession might have been put in his place of business by another, without his knowledge or consent. As ruled by this court in *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031), and *Glaze* v. *State,* 2 *Ga. App.* 709 (58 S. E. 1126), and by the Supreme Court in *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528), and *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629), where the guilt of the defendant depends entirely upon circumstantial evidence, the attention of the jury should be called to the rule of law embodied in §984 of the Penal Code, and the jury should be told, in appropriate language, that to warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis but that of the guilt of the defendant. In the present case, from the fact that four quart bottles of whisky were found in the defendant's closet, the inference might arise that it was his whisky and was being kept on hand there by him. On the other hand, under the evidence in the case, the inference is also suggested that the whisky might have been that of some patron of the barber shop, who had temporarily deposited it in the closet or bath-room without the knowledge of the defendant. Furthermore, the case is not like that of *Jenks* v. *State,* 4 *Ga. App.* 859 (62 S. E. 574), in which the facts that the mouth of the jug was still wet and smelled of corn whisky which had just passed through it, and that the whisky remained in the bottom of one of the glasses, pointed to the fact that whisky was being kept on hand. And furthermore, the defendant in the *Jenks* case admitted that the whisky found was his property, and said that he was keeping it for his wife. In the *Jenks* case some of the whisky was found under lock and key, and the defendant had the key in his possession. The facts made a case of direct proof.

In the present case, to settle the ownership (which was admitted in the *Jenks* case), the jury were compelled to rely upon the mere circumstance that the whisky was in the place of business of the defendant, in so public a place as a barber shop; and the evidence shows that the barber shop was in continuous use as such by the public. The mere fact that any article of personal property, such as a walking cane or a book, or even a bundle containing a bottle of whisky, was there might raise the inference that the article in question was the property of the proprietor of the barber shop, but the presumption would not be so conclusive as to raise the evidence of location into the class of direct proof; and for this reason we think that the court erred in failing to charge the jury the principle of law enunciated in §984 of the Penal Code. The error was particularly harmful because it ignored and obliterated the sole defense of the defendant. While the finding of the whisky in a defendant's constructive possession, at his place of business, might raise such a presumption that he was keeping it on hand in violation of the statute as would authorize a conviction, still it was not direct proof of the fact of its being kept on hand by the defendant, or that the defendant knew it had been deposited in his place of buisness. For instance, if the door had been closed in the present instance, instead of being open, and glasses were there for the purpose of drinking whisky, or if some of the bottles were empty, these circumstances would lend additional force to the conclusion that the whisky had not been temporarily deposited by some patron of the barber shop, or some passer-by, but that it was the property of the defendant. There being no direct proof that the defendant was the owner of the whisky in question, nor that he brought it to the place of business (even though the fact of keeping whisky might be shown by circumstantial evidence), the guilt of the defendant depended at last entirely upon circumstantial evidence; and, on account of the failure of the judge to properly instruct the jury upon this point, so as not to exclude an inference which the jury may have preferred, a new trial must be granted.

*Judgment reversed.*