### 3862.    TOLES *v.* THE STATE.

1. It is a violation of the law for a person to keep on hand intoxicating liquors at his place of business when it is closed, as well as when it is open to the public for the purpose of business.
2. As all engaged in the commission of a misdemeanor are principals, one may be guilty of keeping intoxicating liquor at his place of business, or on hand at the place of business, though it be disclosed by the evidence that he was not the owner of the liquor, but merely kept it on hand as an employee or agent of the owner, at the place of business where he worked, provided that it was a public place of business.
3. In contemplation of the general prohibition law, even a menial employed by another may have a place of business. His business may consist only of discharging the duties devolving upon him under the terms of his employment; and the place of business of his employer will be his place of business if it be the place where the performance of his duties is required.
4. The evidence authorized the verdict.

DECIDED JANUARY 30, 1912.

Accusation of misdemeanor; from city court of LaGrange—Judge Harwell. November 2, 1911.

*E. R. Bradfield, E. A. Jones, M. U. Mooty,* for plaintiff in error. *Henry Reeves, solicitor,* contra.

RUSSELL, J. The plaintiff in error was convicted under an accusation charging that he was guilty of unlawfully keeping on hand, at his place of business, alcoholic, spirituous, malt, and intoxicating liquors. Exception is taken to the overruling of his motion for new trial. If the complaints urged therein against the judge's instructions to the jury are well founded, a new trial would result, even though the evidence authorized the conviction of the defendant; and for this reason we shall first consider the merits of the exceptions to the charge of the court.

1. Error is assigned because the court charged the jury as follows: "I charge you that it is a violation of the law for a person to keep on hand intoxicating liquors at his place of business at any time; it is a violation of the law to keep it on hand when it is open to the public for business; and it is a violation to keep it on hand when it is closed. The decision cited by counsel only applies when the place of business is used as a residence and also as a place of business." We find no error in this charge. It is a violation of the law for a person to keep on hand intoxicating liquors at his place of business when it is closed, as well as when it is open to the public for the purposes of business. The evidence in this case showed that at least a portion of the whisky found in the place of business where the defendant worked was placed there in his absence, and after the place had been closed for the night, and this place of business had not been opened the next morning when the officers entered it through the window; so there was no direct evidence that the intoxicants which the officers found had been kept on hand during the hours when the place of business was open. The purpose of the provision of the general prohibition law now under consideration was to prohibit the carrying of intoxicating liquor into a place of business and keeping it on hand during those hours when it was closed, as well as during the hours when it was open. The presence of the intoxicants, either at night or in the day, might afford a pretext by which other violations of the statute would be excused. The ruling in the *Land* case, 5 *Ga. App.* 98 (62 S. E. 665), is not applicable to this case. The ruling in that case dealt with the peculiar facts disclosed by the record, but the dissimilarity between that case and the case at bar is apparent, in that it appeared in that case that there was a portion of the day when Land's place of business was devoted to no other than private

use, being a room used as his sleeping apartment. In the present case there is no suggestion that the pool-room where the whisky was found was closed at night for all purposes other than private use.

2. As all engaged in the commission of a misdemeanor are principals, one may be guilty of keeping intoxicating liquors at his place of business, or of keeping liquor on hand at the place of business, though it be disclosed by the evidence that he was not the owner of the liquor, but merely kept it on hand as an employee or agent of the owner, at the place of business where he worked, provided that it was a public place of business. According to the evidence, Shep Toles, the defendant, was perhaps only an employee of one Yarbrough, employed to run the pool-room and other accessories of the business. It is uncontradicted that none of the whisky found was directed or marked in his name, though all of it was so marked as to indicate clearly an ownership by others. So it is not perfectly plain that the defendant had an interest in the ownership of the whisky. But granting that he had none, there was evidence to the effect that he kept the place of business for Yarbrough; and it is very plain, from the quantity of empty whisky barrels, similar to those found to be full, that Toles not only knew that whisky was being kept at the place of business, but aided as an employee in keeping it on hand.

The point is made that the evidence shows that the pool-room, if a place of business at all, belonged to Yarbrough, and that, being Yarbrough's place of business, it would not be an offense, under the terms of the general prohibition law, for another person (Toles for instance), who merely worked or was employed there, to keep intoxicating liquors on hand there; for the reason that the statute only forbids that one shall keep intoxicating liquors on hand at his own place of business, and if this place of business belonged to Yarbrough, then Toles would violate no law by keeping intoxicating liquor on hand there. Upon this subject we approve the charge of the court, which was as follows: "In order for you to find the defendant guilty, it would not be necessary to show that the defendant was the owner of the liquor which was found, if any was found. If the jury should find, from the evidence, that it was Yarbrough's business, that he was owner of the liquor which was found, if any was found, and if they further find that defendant, as an employee

or agent of Yarbrough, being hired by Yarbrough to run the business, kept intoxicating liquor on hand at this place of business where he worked, and the same was a public place of business, in Troup county, on or about the date alleged in the accusation, he would be guilty of a violation of the law." These instructions follow our ruling in *Hendrix* v. *State,* 5 *Ga. App.* 819 (63 S. E. 939), in which we held that "Where the evidence shows that the intoxicating liquor sold or furnished at the place of business in question was in the entire charge of the accused, it is not error for the judge to instruct the jury that if the defendant assented to the furnishing of the intoxicating liquor in question, he might be found guilty." The two cases are so similar that the ruling in the *Hendrix* case is controlling in this.

3. Furthermore, in contemplation of the general prohibition law, even a menial employed by another may have a place of business. His business may consist only of discharging the duties devolving upon him under the terms of his employment, and the place of business of his employer may be his own place of business, if this be the place where his duties are performed.

4. There being no merit in the assignments of error upon the charge of the court, it is very plain that the jury were authorized, under the evidence adduced, to convict the defendant. While it is true that apparently the 16 barrels of whisky found in the pool-room run by him had been shipped to others than himself, and were found marked in their name, and granting that the pool-room where the whisky was found was owned by Yarbrough, still there was evidence that Toles was employed to manage and run the pool-room, and that he did so. The evidence does not disclose whether Toles was jointly interested in the ownership of the whisky, or of the pool-room, or was only an employee, but there are a number of circumstances in the evidence which would have authorized the jury to infer that Toles assented to the keeping of the whisky on hand in his place of business in which he was interested, and certainly that he aided in keeping and furnishing intoxicating liquor at a public place, if, being in charge of this pool-room, as testified, he permitted it to be kept there. The evidence authorized the verdict. *Judgment affirmed.*