## SOUTHERN MARBLE COMPANY *v.* PINYON.

1. "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall

also rebuke the same, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender."

2. A charge to the jury which is not authorized by the evidence and which is calculated to mislead and confuse the jury requires a new trial.

NOVEMBER 12, 1915.

Action for damages. Before Judge Patterson. Pickens superior court. December 21, 1914.

*A. H. Davis* and *C. B. Atkins,* for plaintiff in error.

*F. C. & Howard Tate* and *J. B. McCallum,* contra.

HILL, J. 1. Lee Pinyon, a minor 16 years of age, brought suit by his father, W. L. Pinyon, as next friend, against the Southern Marble Company to recover damages for personal injuries alleged to have been sustained by him while working as an employee of the defendant's marble mill. A verdict was rendered for the plaintiff. A motion for a new trial having been overruled, the defendant excepted.

Complaint is made of the use of the following language by counsel for the plaintiff in his concluding argument to the jury, which was objected to and a ruling of the court invoked: "Who is interested in this case, defending? Mr. Smith, the general manager, is not here. You saw the manner in which Long and Mr. McCleer testified. They didn't appear to take any interest in the case. The Southern Marble Company doesn't seem to care about the case." Also that the counsel in his concluding argument to the jury said that "the plaintiff had been followed and watched," and asked, "who has been hounding him?" The court declined to stop or rebuke counsel for the use of the language quoted. It is contended that there was no evidence to authorize counsel to use such language, and that its use was prejudicial and tended to inflame the minds of the jury against the defendant. "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the same, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." Civil Code (1910), § 4957. In this case the fifth ground of the motion for a new

trial has added to it a note which does not seem to have any application to the ground itself. Possibly it was intended to be added to the sixth ground. This leaves the grounds and their approval in a somewhat unsatisfactory condition. There was no direct statement in the argument of counsel as to insurance, mentioned in the objection. As a new trial is to be granted on other grounds, and the matters referred to in these grounds are not likely to occur again, we deem it unnecessary to discuss them further than to cite the section of the code above quoted, and leave the presiding judge to apply it properly if occasion therefor should arise on another trial.

2. The court charged the jury: "You will consider the age of the party, his health, his physical condition, his earning capacity prior to and up to the time of the injury, as shown by the evidence, and the ratio of diminution of such capacity, whether it should be shown by the evidence to be total, whether it be one fourth, one half, or what proportion represents the diminished capacity for the number of years he will likely be expected to live." This charge is open to the criticism that it is not authorized by the evidence. We have examined the evidence carefully, and there is no evidence as to a total disability on the part of the plaintiff to labor; and hence the charge on that subject was not authorized, and was calculated to mislead and confuse the jury, and will require a new trial. The verdict in this case was large, and we can not say that the charge to which exception was taken was harmless.

The other grounds of the motion for a new trial, alleging error in certain excerpts from the charge of the court, when considered in connection with the pleadings, the evidence, and the general charge, furnish no ground for a reversal.

*Judgment reversed. All the Justices concur, except Beck. J., absent.*