## 7072. PITTS v. THE STATE.

RUSSELL, C. J.  1.  While jurors must not convict without plain and manifest proof of guilt, and while circumstances which merely authorize a conjecture of guilt are not sufficient to warrant a conviction of crime, still the issue as to whether one who receives money and in return therefor purchases intoxicating liquor for another is the agent of the seller or the agent of the purchaser is at last one of fact for solution by the jury.  One may be a violator of the law prohibiting the sale of intoxicants as well when the intoxicant sold by him is in fact the property of another as if it were his own (*Hendrix* v. *State*, 5 *Ga. App.* 819 (63 S. E. 939); *Toles* v. *State*, 10 *Ga. App.* 444 (73 S. E. 597); *Brown* v. *State*, 11 *Ga. App.* 813 (76 S. E. 360) ), and although he may have been acting merely for the accommodation of the owner and the purchaser.  Hence, proof that an intoxicant alleged to have been sold in violation of law was not the property of the person who delivered it in pursuance of the sale is a mere circumstance which may point to the identity of the real seller; and the probative value and effect of the circumstance is for the jury. *Judgment affirmed.*

DECIDED APRIL 24, 1916.

Indictment for sale of liquor; from Pike superior court—Judge Searcy.  November 6, 1915.

*Henry O. Farr,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.