18940. HEATH *v.* THE STATE.

*W. A. Dampier,* for plaintiff in error.

*J. A. Merritt, solicitor,* contra.

LUKE, J. Freeman Heath was convicted of possessing intoxicating liquor. The controlling question in the case is raised by the first special exception, which alleges that the court erred in failing to charge, without request, the law of circumstantial evidence as contained in Penal Code (1910), § 1010.

The gist of the evidence follows: At a time when no one was about the premises, two officers found about three pints of whisky in an unlocked trunk in defendant's home, a two-room house, which was itself not locked. The trunk appeared to contain mostly children's clothes. A brother of the defendant testified, and the defendant stated, that the defendant's mother-in-law lived in the house with the defendant, and that a doctor had prescribed "some stimulants" for her. The defendant denied all knowledge that there was any whisky in the house. The witnesses for the State did not know who occupied the house and the mother-in-law did not testify.

The evidence tending to connect the accused with the possession of the whisky was entirely circumstantial, and, under the facts of the case, the failure of the court to charge the law of circumstantial evidence was reversible error. *Lewis* v. *State,* 6 *Ga. App.* 205 (64 S. E. 701); *Hamilton* v. *State,* 96 *Ga.* 301 (22 S. E. 528); *Toler* v. *State,* 107 *Ga.* 682 (33 S. E. 629); *Harris* v. *State,* 18 *Ga. App.* 710 (90 S. E. 370); *Butler* v. *State,* 17 *Ga. App.* 769 (88 S. E. 593).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*