19306. NORTH *v.* THE STATE.

DECIDED JANUARY 15, 1929.

*C. L. Harris,* for plaintiff in error.

*T. Hoyt Davis, solicitor-general,* contra.

BLOODWORTH, J. The defendant was convicted of possessing intoxicating liquor, and assigns error on the overruling of his motion for a new trial. The evidence shows that the defendant was riding in a car with one Warren and that whisky was found in the car by an officer. Warren pleaded guilty to owning the whisky, and was serving his sentence at the time of the trial of the instant case. He testified that the whisky belonged to him, and that the defendant had absolutely nothing to do with the possession or con-

trol of it in any way; that the defendant just happened to be riding with him in the car, and had not touched the liquor or exercised any control over it. The evidence shows that the car belonged to Warren's wife and Warren was driving it. All the evidence as to the *possessing* of the liquor by the defendant was circumstantial. The motion for a new trial complains of the court's failure to charge the degree of circumstantial evidence necessary to convict. Under the particular facts of the case this was error. "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." Penal Code, § 1010. "On the trial of a criminal case, where a conviction depends entirely upon circumstantial evidence, it is the duty of the judge, whether so requested or not, to give in charge to the jury the principles of law by which the weight of the circumstances is to be determined, and under what circumstances a conviction on circumstantial evidence is warranted." *Weaver* v. *State,* 135 *Ga.* 320 (69 S. E. 489), and cases cited; *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031); *Lewis* v. *State,* 6 *Ga. App.* 205 (64 S. E. 701).

The court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*