24705.   ELLIS *v.* THE STATE.

DECIDED JULY 23, 1935.

*Leon C. Greer,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacIntyre, J.  The defendant, T. R. Ellis, was convicted in the criminal court of Atlanta of having, possessing, and controlling intoxicating liquor.  A certiorari was sanctioned and upon the hearing thereof, overruled.  Exception is taken to the overruling of the certiorari.  "The evidence of the State's witnesses was that after they had entered the restaurant of plaintiff in error, about nine o'clock at night, on a search warrant directed against 'John Doe,' in which neither the name nor premises of plaintiff in error were described, and searched the premises and found 4-1/2 pints of whisky in the kitchen, on the top of a large refrigerator, not concealed; that there were present plaintiff in error and his wife, another man and two negro servants in the kitchen; that plaintiff's wife was crying; and that as none of the parties would admit possession and ownership of the whisky, they stated that they, the officers, would 'call the wagon;' thereupon, plaintiff in error said it was his whisky, and they 'thereupon arrested' him and took him to jail."

There were no witnesses for the defendant.  The defendant in his statement said "It is not my whisky and I did not know it was there."  In his statement the defendant further qualified and explained his statement to the officers that it was his whisky by saying he made this statement because of his wife's being pregnant and in a highly nervous state of excitement, and crying, when the officers demanded to know whose liquor it was, excited him, and, to avoid her being arrested, he agreed to assume the responsibility for the whisky being there.

We think the evidence in this case would have authorized a verdict of guilty exclusive of the confession, for there were circumstances that could reasonably induce the belief that the whisky was in the defendant's restaurant and he knew it, and that he at least acquiesced in the possession.  This case is easily distinguished from the case of *Rhoddenberry* v. *State,* 50 *Ga. App.* 378 (178 S. E. 170), in that in the *Rhoddenberry* case there was evidence that the whisky was found in the public part of the restaurant

where the public congregated, and was concealed in a coffee pot on a table surrounded only by visitors who were in no way connected with the defendant or her place of business as clerk, partner, agent, or otherwise, and there was direct evidence that one of the members of the visiting public had put the whisky there without the knowledge of Mrs. Rhoddenberry and that she did not know it was there. Even if the confession was not freely and voluntarily made, there was no objection to the admission of the confession, and if no objection was made, the duty would then devolve upon the jury to determine for themselves (what the court would have been required to do if the proper objection had been made) whether the confession was freely and voluntarily made.

Under the inference above stated, if we assume that the court charged the jury correctly as to the law applicable to confessions, the verdict would be contrary to the charge of the court, and if there was no evidence of guilt without the confession, the verdict would be contrary to law because without evidence to support it, in that it depended wholly upon testimony which was without probative value, and the general grounds that the verdict was contrary to law and without evidence to support it would raise the question that the verdict was contrary to law because without evidence to support it. *Irwin* v. *State, 54 Ga.* 39; *Allen* v. *State, 4 Ga. App.* 458 (61 S. E. 840). But in the instant case (the confession being admitted without objection) the general grounds of the motion for a new trial are without merit, even if the confession was not freely and voluntarily made, for the reason that there was sufficient evidence to support the verdict exclusive of the confession. Moreover, in the case sub judice the testimony "that plaintiff's wife was crying; and that as none of the parties would admit possession and ownership of the whisky, they stated that they, the officers, would 'call the wagon;' whereupon, plaintiff in error said it was his whisky and they 'thereupon arrested' him and took him to jail," did not require the jury to find that the confession was not freely and voluntarily made. It is true that the defendant undertook in his statement to the jury to explain why he made the confession, yet, under our law, the defendant's statement shall have such force only as the jury may think right to give it; they may believe it in part or reject it in part; they may believe it all or reject it all.

We do not think that the evidence required the jury to say that

the confession was not freely and voluntarily made. The evidence amply warranted the verdict.

Headnotes 2, 3, 4, and 5 need no elaboration. None of the assignments of error are meritorious and the court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*