25648. BLACK v. THE STATE.

DECIDED OCTOBER 14, 1936.

*Frank B. Stow*, for plaintiff in error.

*Herbert R. Edmondson, solicitor,* contra.

GUERRY, J. The defendant was convicted of possessing whisky. The evidence for the State disclosed that the defendant was the manager of a bowling-alley belonging to Lee Crow. The officers went to the bowling-alley, and "in behind some wire at the end of the alleys I found 17 pints of red whisky in a case. I also found five empty cases. . . I do not know whose whisky it was. . . Mr. Castleberry found two pints up in front behind one of the score boards. The whisky I found and the whisky Mr. Castleberry found was the same brand." The evidence further disclosed that the bowling-alley was a public place; that four negro boys set up the pins on the alleys, and were close to the liquor found in the case. The defendant denied having any knowledge of the whisky, and stated that he "was only employed to run the business;" that he did not have the keys nor did he open or close the place, but only "ran it after it was open."

"Where one is charged with the offense of keeping on hand at his place of business alcoholic, spirituous, malt, or intoxicating liquors, prohibited by law, and intoxicating liquors are shown to have been found there, such evidence is sufficient to support the inference that the forbidden liquors were kept by him." *Lewis* v. *State,* 6 *Ga. App.* 205 (2) (64 S. E. 701). "Ordinarily, where intoxicating liquors are found in a person's place of business, an inference that he is guilty of a violation of the prohibition law, in keeping such liquors at his place of business may arise." *Smith* v. *State,* 5 *Ga. App.* 834 (63 S. E. 928). The evidence in the present case is sufficient to raise the inference that those in charge of the bowling-alley were in possession of the whisky found by the officers. Lee Crow was the owner, and the defendant was the manager and operator of the bowling-alley. In *Toles* v. *State,* 10 *Ga. App.* 444 (73 S. E. 597), it was said: "So it is not perfectly plain that the defendant had an interest in the ownership of the whisky. But granting that he had none, there was evidence to the effect that he kept the place of business for Yarbrough; and it is very plain, from the quantity of empty whisky barrels, similar to those found to be full, that Toles not only knew that whisky was

being kept at the place of business, but aided as an employee in keeping it on hand." All engaged in the commission of a misdemeanor are principals. The evidence was sufficient to show that the contraband articles in the bowling-alley were in the possession and control of the defendant. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*