27197. WREN v. THE STATE.

Decided November 2, 1938. Rehearing denied December 14, 1938.

C. Wesley Killebrew, for plaintiff in error.
W. Inman Curry, solicitor, contra.

Guerry, J. The defendant was found guilty of possessing intoxicating liquor. The entire evidence consists of the testimony of two police officers to the effect that they went to the defendant's place of business (a roadside lunch stand), to serve the defendant with a warrant for the offense of selling beer on Sunday, and that while on the premises they found approximately two cases of whisky, in one-half and one-pint bottles under the front counter. The defendant was present on the premises. Exceptions are taken to the overruling of a motion for new trial based on the usual general grounds. The evidence was sufficient to authorize the jury to find that the defendant knowingly possessed intoxicating liquor, which constitutes the essential elements of the offense charged. Rhoddenberry v. State, 50 Ga. App. 378 (178 S. E. 170). It appears that the defendant was present upon the premises. It may legitimately be inferred that he managed and was in control of the busi-

ness, and the jury might well have concluded that, under such circumstances, it was hardly possible that he did not know of the presence thereon of so large a quantity of whisky, which was apparently in open view of any one having access, as he did, to all parts of the premises. See *Dardarian* v. *State,* 55 *Ga. App.* 286 (190 S. E. 48); *Davis* v. *State,* 54 *Ga. App.* 353 (187 S. E. 885); *Black* v. *State,* 54 *Ga. App.* 326 (187 S. E. 884); *Lewis* v. *State,* 6 *Ga. App.* 205 (64 S. E. 701); *Ellis* v. *State,* 51 *Ga. App.* 557 (181 S. E. 87). No evidence was offered by the defendant to show that some other. person, without his knowledge, placed the whisky on the premises as appeared in *Smith* v. *State,* 5 *Ga. App.* 834 (63 S. E. 928) and *Rhoddenberry* v. *State,* supra, distinguished in *Ellis* v. *State,* supra. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*