## 29725. FOSTER v. THE STATE.

DECIDED OCTOBER 29, 1942.

*Willis Smith,* for plaintiff in error.

*Earl Staples, solicitor,* contra.

MacIntyre, J. 1. In the instant case the evidence tended to show that the place where the prohibited liquors were found was a café, in which there was a stock of goods and fixtures, known as "Bankhead Tavern No. 1," which the evidence of the defendant, in the form of a written contract, tended to show had been purchased by the wife of the defendant from a third party, and which the State contended was the place of business of the defendant. There is no testimony in the record that the defendant and his wife resided at this place. The judge charged the jury as follows: "I charge you further that in this State the husband is presumed to be the head of the family, and where he and his wife reside together the legal presumption is that the house and all the household effects, including intoxicating liquors, belong to the husband as head of the family. This may be rebutted by evidence to the contrary." "The evidence on the trial did not raise the legal question which the charge sets forth, and the charge was abstract. It moreover authorized the jury to draw an inference, while there was no testimony from which it could be drawn. 'A charge that the jury may infer a fact of which there is no evidence is erroneous.'" Beck v. State, 80 Ala. 1, 3.

2. "A charge to the jury which is not authorized by the evidence and which is calculated to mislead and confuse the jury requires a new trial." *Southern Marble Works* v. *Pinyon,* 144 *Ga.* 259 (2) (86 S. E. 1086); *Echols* v. *State,* 119 *Ga.* 307 (46 S. E. 409); *Harwell* v. *State,* 2 *Ga. App.* 613 (58 S. E. 1111). An abstract charge, even though it states a correct legal proposition, will require a reversal when it may have misled the jury to the prejudice of the defendant. 1 Reid's Branson Inst. to Juries, 350, § 122. The charge here excepted to was not authorized by either the evidence or the defendant's statement, and it was calculated to mislead and confuse the jury. It follows, under the

rules of law announced above, that the judge committed reversible error in so instructing the jury.

3. Under the rule of law that it is not error for the court to fail to charge the jury the law of circumstantial evidence without a timely written request that he do so when the evidence is both direct and circumstantial, there is no merit in the second special ground of the motion for new trial. See *Middleton* v. *State*, 7 *Ga. App.* 1 (66 S. E. 22); *Cliett* v. *State*, 132 *Ga.* 36 (63 S. E. 626).

4. We do not wish to be understood as saying that the evidence did not authorize the verdict. See *Lewis* v. *State*, 6 *Ga. App.* 205 (2) (64 S. E. 701); *Black* v. *State*, 54 *Ga. App.* 326 (187 S. E. 884).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*