### 31158. JONES v. THE STATE.

DECIDED FEBRUARY 19, 1946. REHEARING DENIED MARCH 22, 1946.

*Carlisle Cobb,* for plaintiff in error.
*Preston M. Almand, solicitor,* contra.

BROYLES, C. J. The defendant was tried and convicted in the city court of Athens of possessing more than one quart of taxpaid

whisky in Clarke County, which was a "dry" county. He introduced no evidence and made no statement to the jury. The undisputed evidence for the State was as follows: Two officers of the revenue department of the State, on June 21, 1945, went to the restaurant of the defendant in the City of Athens and found in a drawer of a table in the kitchen five pint bottles. The bottles were all alike and all had unbroken seals, and each bottle had on it a label marked "Moonbeam Whisky," and the State's revenue stamps. "Moonbeam" was a well-known brand of whisky. The witnesses sent the bottles, with the seals on them unbroken, to the revenue department in Atlanta, since the department required that all such bottles be sent to it with their seals unbroken. On a previous occasion, the same witnesses had found whisky in the same table drawer, and so knew where to look for it.

The defendant was not in the restaurant when the whisky was found, but the cook, a negro, was in the kitchen. In the restaurant, outside of the kitchen, a white man was waiting on the counter and tables, and a white woman was at the cash register in the front part of the restaurant.

In addition to the foregoing undisputed testimony, the State introduced, without objection, the following documentary evidence: The defendant's plea of guilty, on August 15, 1939, on an accusation charging him with illegally possessing more than one quart of intoxicating liquor. The defendant's plea of guilty, on October 1, 1940, on an accusation charging him with the illegal possession of 16 pints of gin whisky and 30 one-half pints of rye whisky. The defendant's plea of guilty, on March 3, 1945, on an accusation charging him with illegally possessing more than one quart of whisky. The defendant's plea of guilty, on March 3, 1945, on an accusation charging him with the illegal possession of more than one quart of intoxicating liquor on February 2, 1945. The defendant's plea of guilty, on January 8, 1945, on an accusation charging him with illegally possessing more than one quart of intoxicating liquor on November 29, 1944.

In view of the above-stated undisputed facts, the evidence, while wholly circumstantial, was sufficient to authorize the jury to find that it excluded every reasonable hypothesis save that of the defendant's guilt; and therefore the general grounds of the motion for new trial are without merit.

The single special ground complains that, while the judge was instructing the jury on the subject of a reasonable doubt, he erred in charging that "a reasonable doubt is what the term implies—a doubt based upon reason and for which you can give a reason, and not a fancy conjecture or supposition that the defendant might be innocent. It is the doubt upon which a reasonable man would act, or decline to act, in a matter of importance or of grave concern to himself. It is the doubt of a fair-minded impartial juror honestly seeking the truth." Counsel for the plaintiff in error cites several cases of the Supreme Court and this court where it was held that the meaning of the phrase "reasonable doubt" is obvious, and that attempts by the trial judge to explain the term tends to confuse the jury. While these decisions disapprove of such attempts, none of them shows that a new trial was granted because of them. In *Bryant* v. *State,* 197 *Ga.* 641, 657 (30 S. E. 2d, 259), the Supreme Court says: "Ground 26 complains of error in the charge of the court on the subject of reasonable doubt, to wit: 'Now a reasonable doubt is just what the term implies. It is a doubt based upon reason, a doubt for which you can give a reason;' the particular objection being to the phrase, 'a doubt for which you can give a reason.' This exact language has heretofore been held not to be error." The court then cited seven or eight cases of the Supreme Court so holding, and denied a motion to review and overrule them. Under that ruling, the special ground in the instant case shows no cause for a reversal of the judgment.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*