### 31140. ROBERSON v. THE STATE.

GARDNER, J. The defendant was convicted on two counts in an indictment charging him: (a) with the possession of tax-unpaid whisky and (b) possessing more than one quart of intoxicating liquor in Floyd County, a county to which the terms of the revenue tax act do not apply. The defendant's amended motion for a new trial was overruled and he excepted.

One of the special grounds complains because the court failed to charge the law of circumstantial evidence. The case is wholly dependent upon circumstantial evidence and therefore the court's failure to charge the law of circumstantial evidence, though no written request was made, is reversible error. See Lewis v. State, 6 Ga. App. 205 (64 S. E. 701); Autrey v. State, 18 Ga. App. 13 (88 S. E. 715); Heath v. State, 38 Ga App. 269 (143 S. E. 605); North v. State, 39 Ga. App. 119 (146 S. E. 347).

Another special ground assigns error to the effect that the possession of more than one quart provision of the revenue tax act does not apply to tax-unpaid whisky, as the evidence shows in this case. This identical question has been decided adversely to the defendant in Pierce v. State, 73 Ga. App. 627 (37 S. E. 2d, 431).

There are two other exceptions to the charge of the court, which show no reversible error.

Since the case is likely to be tried·again we do not pass upon the general grounds. We base this reversal solely upon the ground that the court committed reversible error in failing to charge the law of circumstantial evidence.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 11, 1946.

*James Maddox,* for plaintiff in error.
*Henderson Lanham, solicitor-general,* contra.