## 52127. HEATON v. THE STATE.

MARSHALL, Judge.

Heaton brings this appeal from his conviction for possession of more than one ounce of marijuana in violation of the Georgia Controlled Substances Act. He was sentenced to eight years confinement, with two to be served in close confinement and the remainder on probation. Heaton enumerates as error the denial of his motion for a new trial based upon the general grounds. *Held:*

Heaton does not deny that a large number of growing marijuana plants were found on a residential lot owned by him, upon which his home was located and in which he and his family alone resided. Additional plants were observed growing in a corn field contiguous to his own land, and in which Heaton had been granted the sole privilege of farming though Heaton did not own this land. Two days after five large marijuana plants were first seen growing in the corn field, the five plants were observed to have been uprooted. On that same day, five mature plants were found "curing" in the barn owned by Heaton and located on his land. Additional growing plants were found in a small greenhouse located on Heaton's residential lot and in a planter-type box located under a tree also on Heaton's property.

Heaton's assertion is that others, including neighbors, one of whom admitted growing marijuana on the property rented by the neighbor, or motorcycle riders who frequented an easement to the rear of Heaton's property over which power lines were strung, had equal access to the area where the growing marijuana was found. He contends that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction, if it affirmatively appears from the evidence that persons other than the defendant had an

equal opportunity to commit the crime. *Gee v. State,* 121 Ga. App. 41, 42 (172 SE2d 480). Stated otherwise, Heaton contends the circumstantial evidence does not preclude every reasonable hypothesis except that of his guilt.

The fallacy in the position assumed by Heaton is that the "equal access rule" requires evidence affirmatively showing that persons other than the defendant had equal access to the premises where the contraband was found. There was speculative evidence that others, by trespassing, might have come onto Heaton's property and cultivated marijuana plants. There was no evidence that others did perform any type of cultivation on Heaton's land or that others frequented Heaton's property. There was evidence that another person had permission to use the greenhouse for growing tomatoes. There was no evidence that this person did in fact use the greenhouse, and the evidence did show there were no tomato plants in the greenhouse when the marijuana plants were found. In short, there was no affirmative evidence adduced that persons other than Heaton had access to and did frequent his property so as to give rise to application of the "equal access rule." Compare, *Braden v. State,* 135 Ga. App. 827 (1) (219 SE2d 479); *Moreland v. State,* 133 Ga. App. 723 (1) (212 SE2d 866).

On the other hand, Heaton denied he had given permission to anyone to use his barn, or more than a limited permission to grow tomatoes in the greenhouse. He admitted being the sole owner and his family the only occupants of the residence and lot. He denied that his children were in any way involved, and he denied his own culpability. It is well settled that where contraband is found in a house (and we believe this includes an exclusive curtilage), the presumption is that such contraband was possessed by the head of the household. *Barron v. State,* 46 Ga. App. 829 (169 SE 323); *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687). Moreover, this "equal access rule" is not applicable to marijuana plants growing outside the owner's residence because marijuana plants, like other vegetation, require a period of months to grow, mature, and be harvested. It is not a reasonable hypothesis that Heaton, the owner and resident, was completely unaware of the substantial quantity of

growing marijuana plants on the land which he was shown to have cultivated and in areas where he had been seen. See *Goode v. State,* 130 Ga. App. 791 (2), 792 (204 SE2d 526).

Whether or not Heaton presented sufficient evidence to rebut the inference of possession arising from the finding of growing marijuana plants upon his exclusively owned and occupied residential lot was a question for the jury. *Kent v. State,* 105 Ga. App. 312, 314 (124 SE2d 296). Hence, whether every reasonable hypothesis except that of the guilt of the defendant was excluded also was a question for the jury where the jury was properly instructed on circumstantial evidence. See *Autrey v. State,* 18 Ga. App. 13 (88 SE 715); *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474). See also *Gee v. State,* 130 Ga. App. 634 (1) (204 SE2d 329). The jury's verdict in this case was supported by the evidence and the trial court did not err in denying the motion for new trial on the general grounds. *Hendrix v. State,* 24 Ga. App. 56 (1) (100 SE 55); *Ellis v. State,* 51 Ga. App. 557 (181 SE 87); *Morgan v. State,* 62 Ga. App. 493 (8 SE2d 694); *Jones v. State,* 73 Ga. App. 584 (37 SE2d 409).

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

Submitted May 4, 1976 — Decided May 28, 1976 — Rehearing denied June 17, 1976 — ▮▮▮▮▮▮▮▮

*Merritt & Pruitt, Glyndon C. Pruitt, Herbert Jenkins, Jr.,* for appellant.

*Bryant Huff, District Attorney, Richard T. Winegarden, Dawson Jackson, Robert A. Barnaby, II, Assistant District Attorneys,* for appellee.