Rachels *vs.* The State of Georgia.

---

ROBERT L. RACHELS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Under our Code, section 4514, " If any two or more persons, either with or without common cause of quarrel, do an unlawful act of violence," it is a riot, and a violent assault or attempt to commit a violent injury upon the person of another, is an illegal act of violence within the meaning of the law.

Rachels *vs.* The State of Georgia.

2. Joint offenders may be separately tried, and the acquittal of one of two charged with an offense, which it takes two to commit, does not operate as an acquittal of the defendant not tried.

3. Where the verdict of the jury is such as is required by the evidence, this court will not reverse the judgment of the court below refusing a new trial, for an error in the charge of the court to the jury, which, under the facts proven, could have done the accused no harm.

New trial. Criminal law. Riot. Immaterial error. Before Judge STROZER. Mitchell Superior Court. May Adjourned Term, 1873.

Rachels was jointly indicted with one John Jones for the offense of riot, alleged to have been committed on October 21st, 1871. At the November term, 1872, Jones was tried and acquitted. At the May adjourned term, 1873, when the case against Rachels was called, he moved to quash the indictment on the ground that he could not, by himself, commit a riot. The motion was overruled, and defendant excepted.

The evidence made, substantially, the following case :

On the day alleged in the indictment, defendant and Jones approached one Capers King, in the town of Camilla, and asked him why he had levied on certain cotton. Defendant said to him that he had acted like a damned rascal. Jones said that he could whip King. Defendant pulled off his coat. They both advanced in a threatening manner. King stepped back and drew his pistol. At this time one Davis interfered and stopped defendant and Jones for a moment. They both again advanced, but were kept off by the pistol of King. There was some loud talking and cursing, but no blows were stricken. One witness testified that the manner of defendant and Jones was boisterous and tumultuous. They talked somewhat louder than the usual conversational tone ; could have been heard one hundred yards. The excitement collected together quite a crowd of citizens.

The jury found the defendant guilty. He moved for a new trial on the ground that the verdict was contrary to the law and the evidence, and because the court erred in refusing to

quash the indictment. The motion was overruled, and the defendant excepted upon each of the grounds aforesaid.

C. O. DAVIS; H. MORGAN, for plaintiff in error.

B. B. BOWER, solicitor general, for the state.

McCAY, Judge.

1. Our Code, section 4514, is in these words: "If any two or more persons, either with or without a common cause of quarrel, do an unlawful act of violence, or any other act in a violent and tumultuous manner, such persons so offending shall be guilty of a riot." Evidently here are two modes in which, under our law, a riot may be committed. If two or more persons do any unlawful act of *violence*, this is a riot; it may or may not be done in a violent and *tumultuous* manner. Again, if two or more persons, either with or without a common cause of quarrel, do any act in a violent and tumultuous manner, this also is a riot. Our Code makes its own definition of a riot. Whether it accords or not with the common law definition is wholly immaterial. It is enough for us that the legislature has declared the law to be so and so. It is for the courts to obey, and not to legislate. Very clearly if two join to do an illegal act of violence it is a graver offense than if done by one, and if many join in it, it is aggravated according to the number, and it is still a serious offense, though it be done in silence and order. Some of the greatest outrages of the day fill this very definition, and they are only the more heinous from the fact that they are done so coolly and deliberately that they cannot be said to be tumultuously done. We think, therefore, there was no error in the charge of the court that the defendant was guilty if he and King had jointly done an unlawful act of violence.

2. Nor was there any error in refusing to quash the indictment on the ground that Jones had been acquitted. Perhaps, as is contended here by the state's counsel, the form of this motion was defective, but we do not put our judgment on

that ground. By our Code, section 4692, it is expressly provided that if "two or more defendants shall be jointly indicted for any offense, any one defendant may be tried separately, and if the offense be such as requires the joint action and concurrence of two or more persons, the acquittal or conviction of one shall not operate as an acquittal or conviction of any of the others not tried, but they shall be subject to be tried in the same manner." And this provision is the result reached by the legislature, after several considerations of the matter of changes in the common law as to the trial of joint offenders: Cobb's Digest, 841; Acts of 1855 and 1856, page 266; Acts of 1858, page 99. True, it seems somewhat incongruous to try one of two for a joint offense when the other has been found not guilty. But so the legislature has declared, and it is the duty of the courts, as we have said, as to the definition of riot, not to criticise but to obey. If one may be *tried* separately, it follows that neither the acquittal or conviction of the other should affect him. Every man on his trial must be shown to be guilty, and the guilt or innocence of his partner, if the case be one that requires a partner, must be made out by evidence on his trial. In the case before us it was necessary to prove them both guilty in order to make out a case against the defendant. Had Jones been found guilty, that finding would not be conclusive of Jones' guilt, on the trial of the defendant. It might be *prima facie,* but the truth of the matter would be open to inquiry, and if the jury on the trial of the defendant was satisfied that Jones was not guilty, it would be the right of the defendant to have an acquittal. Why should not the rule work the other way. If Jones' conviction would not estop the defendant from denying Jones' guilt, why should his acquittal estop the state from asserting it. In any event, as the defendant was not a party to Jones' trial, the result of it ought not to estop either party to the present issue. But, as we have said, it is not for the courts to defend but to enforce the legislative will.

3. The only objection to the charge, if there be an objection, is that the judge told them, in effect, that they might find

the defendant guilty under either clause of the section.     We are not sure that he was not right.     The defendants are charged with an unlawful act of violence, done in a violent and tumultuous manner.     We are inclined to think with the judge that the tumult is an aggravation of the offense, and that it was competent for the jury to find one of two verdicts, either guilty generally—that is, guilty of an unlawful act of violence in a violent and tumultuous manner, or simply guilty of an unlawful act of violence conjointly with King.     Even if the charge was not strictly correct as to "any other act" under the indictment, the error did no harm, because the verdict is not guilty of any other act but guilty of the act charged, to-wit : the act of assault and battery ; and the evidence fully justifies it.

Judgment affirmed.