## BRYAN *v.* THE STATE.

</div>

1. An indictment for keeping and maintaining a gaming-house is sustained by evidence that the defendant was guilty of either of the prohibited acts. *Thomas* v. *State*, 118 *Ga.* 774.
2. There was no error in charging that "the law does not say that he must keep or maintain the gaming-house for a year or a week or a month.    If it appears that he kept and maintained it at any time within the statute of limitations, he would be guilty."
3. Nor was there error in charging that "if the work of keeping and maintaining was subdivided into many duties in order to carry on such a place, each person participating therein would be guilty of the offense."
4. Nor was it error to charge that "it would make no difference if the defendant rented out the house, and, as the proprietor of a game played therein, afterwards carried on the business of gambling therein, he would for the time being have possession of the house, and would be guilty of keeping it." 29 *Ga.* 265; 83 *Ga.* 575.
5. The verdict was demanded by the evidence.

<div align="center">Submitted April 23, — Decided May 10, 1904.</div>

Indictment for maintaining gaming-house.    Before Judge Cann.    Chatham superior court.    February 8, 1904.

Bryan was indicted for keeping and maintaining a gaming-house.    From the evidence offered by the State it appeared that

Bryan had a saloon and restaurant.     Up stairs there was a room in which was a faro-bank, roulette-wheel and crap-table.   Bryan's name was on the door and place of business as proprietor of the bar and restaurant.     There was evidence that Bryan had charge of the room up stairs, and several witnesses played at games therein, Bryan dealing and otherwise managing the game.     The defendant in his statement claimed to have rented "the up-stairs of my place to a party for a very good rental.   While I did deal faro-bank on this occasion, I did so to accomodate the man who rented the place — the party that rented the place from me." The defendant was found guilty, and made a motion for a new trial, assigning error on the charge of the court as to reasonable doubt; on instructions which he claimed warranted the jury in finding him guilty if he kept or maintained under an indictment alleging that he kept and maintained; on instructions that it was not necessary to show numerous transactions, and also that he might be convicted if he was in charge of the room which had been previously rented to another.

*David C. Barrow* and *Edmund H. Abrahams*, for plaintiff in error.   *William W. Osborne, solicitor-general*, contra.

LAMAR, J.   The words "keep" and "maintain" are frequently used as synonymous, but if under the Penal Code, § 398, the offense may be committed by keeping or maintaining, or by keeping and maintaining, proof that he had been guilty of either of the prohibited acts would sustain a charge that he had kept and maintained.   *Thomas* v. *State*, 118 *Ga.* 774.   The other points are sufficiently dealt with in the headnotes.   The verdict was demanded by the evidence; and the judgment is

*Affirmed.     All the Justices concur.*