### 7097. AUTREY *v.* THE STATE.

RUSSELL, C. J. 1. In a criminal case, where the proof of the defendant's guilt depends wholly upon circumstantial evidence, the jury should be instructed that if the proved facts are consistent with the innocence of the accused, the defendant is entitled to an acquittal (Penal Code, § 1010); and the omission to give in charge the substance of this section of the code in such a case is reversible error.

2. The ruling in the present case is controlled by the decision of this court in *Lewis* v. *State*, 6 *Ga. App.* 205 (64 S. E. 701): "Where one is charged with the offense of keeping on hand at his place of business alcoholic, spirituous, malt or intoxicating liquors, prohibited by law, and intoxicating liquors are shown to have been found there, such evidence is sufficient to support the inference that such liquors were kept by him; but this inference is not conclusive, for it may be shown, among other things, that they were not the property of the accused," and were brought to his place of business without his knowledge and were there without his consent.

3. The circumstances in this case, if the jury had been instructed as required by the rulings of this court in *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031), *Harvey* v. *State*, 8 *Ga. App.* 660 (70 S. E. 141), and *Allen* v. *State*, 14 *Ga. App.* 115 (80 S. E. 215), and the ruling of the Supreme Court in *Weaver* v. *State*, 135 *Ga.* 317 (69 S. E. 488), would have fully warranted the conviction of the accused, but, considered as a whole, the evidence adduced would not have compelled the jury to find that any of the liquor to which the testimony relates was kept in his place of busi ness or had been brought there with his knowledge or consent.

4. The failure of the judge to instruct the jury upon the rule applicable to circumstantial evidence must be deemed to have been prejudicial to the accused, and a new trial should have been granted.

*Judgment reversed. Broyles, J., dissents.*
DECIDED APRIL 21, 1916.

Accusation of misdemeanor; from city court of Columbus— Judge Tigner. October 23, 1915.

*Ed. Wohlwender, Paul Blanchard,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.

BROYLES, J., dissenting. The defendant was convicted of keeping whisky on hand at his place of business. There being *direct* testimony from the arresting officers that they found whisky in the defendant's place of business, the conviction did not depend *wholly* upon circumstantial evidence, and therefore the judge did not err, in the absence of a timely written request therefor, in failing to charge the law of circumstantial evidence. In my opinion the judgment of the lower court should be affirmed.