### 12712. HOLDER *et al. v.* FARMERS EXCHANGE BANK OF STILLMORE.

Fraudulent entries made on the books of the bank by or at the direction of the cashier, for the purpose of concealing its true condition, were sufficient, where unexplained, to raise an inference of his guilt of misapplying funds.

The evidence supports the verdict, and no error of law appears.

The alleged newly discovered evidence is cumulative, impeaching, and without probative value, and would not probably produce a different result on another trial.

DECIDED DECEMBER 14, 1921. REHEARING DENIED FEBRUARY 28, 1922.

Action on bond; from Emanuel superior court — Judge Hardeman. June 31, 1921.

*F. H. Saffold, Felix C. Williams,* for plaintiffs in error.

*A. S. Bradley, J. Alex. Smith & Son,* contra.

HILL, J. This was a suit by the Farmers Exchange Bank of Stillmore against William .R. Holder, its cashier, and the American Surety Company, on a bond to indemnify the bank against loss " by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or misapplication on the part of said cashier, directly or through connivance with others." It was alleged that the bank had sustained a loss of $5,097.06 by reason of the fraudulent acts of the cashier, and the verdict was for the full amount of the claim against both defendants. The case is here for review of the judgment overruling a motion for a new trial. The motion was based upon the general statutory grounds and exceptions to portions of the charge of the court, and upon alleged newly discovered evidence.

1. The defendant cashier did not deny the shortage in the funds of the bank, but he contended that this shortage was due to errors in bookkeeping and not to any actual loss. Examination of the bank's books by a certified public accountant showed fraudulent entries, made either by the defaulting cashier or by his direction. These entries were claimed to have been made by him for the purpose of concealing the true condition of the bank, and, unexplained, were sufficient to raise an inference of guilt against the cashier. In the case of *Jackson* v. *State,* 76 *Ga.* 551 (11 *b*), it was held: " The making of false entries in the books of the company or false reports to the directors to conceal the conversion of the money is a circumstance from which the jury could infer a fraudulent intent." Suffice it to say that any questions as to whether a shortage actually did exist, or whether such shortage, if it existed, was due to the fraudulent conduct of the cashier, were submitted to the jury, and there is voluminous evidence to support the verdict; and this being true, as repeatedly ruled by this court, the verdict can not be disturbed, unless there is some material error of law.

2. The assignments of error made as to certain excerpts from the charge of the court contained various objections to statements of the issues presented by the evidence and of the covenants contained in the bond against the surety company. An examination of each one of these objections fails to disclose any material

error, and the charge, as an entirety, clearly and correctly presented the issues made by the evidence.

3. The surety company set out an additional reason why it should not be held liable for any alleged shortage. A provision of the bond required the bank to give notice to the surety company at its home office within ten days after any loss had been discovered, and this notice was made a condition precedent to recovery. It is contended that this notice was not given. The question whether the notice was given or not was submitted by the court to the jury, as a question of fact, under a charge that if the notice was not given as provided for in the bond, the verdict should be for the surety company. The jury found that the notice had been given, and there was evidence to support this finding. In the case of American Surety Co. *v.* Pauldy, 170 U. S. 133, 139, 145 (18 Sup. Ct. 552, 42 L. ed. 977), it was held, in the construction of a provision of a bond similar to the one now under consideration, that it was not required that this notice should be given upon a mere suspicion, but only after the bank's knowledge of such facts as would justify a charge of fraud and dishonesty against the cashier. The evidence in the present case shows that the cashier informed the president of the bank, some time before the shortage was actually found out, that the books of the bank were out of balance, but that this was due to errors in bookkeeping, and that he was working on the books and would straighten them out. As the books were not straightened out and the errors were not explained, an expert accountant was employed by the bank to make an audit, and when he detected the fact, as reported by him to the president, of the existence of an actual shortage, the surety company was on the same day notified of the discovery and a claim made for the indemnity under the bond.

4. The ground as to newly discovered evidence is without merit. This alleged newly discovered evidence relates to · certain conversations which the witness had with the president of the bank in reference to alleged irregularities, and is purely cumulative in character and without such probative value as would probably produce a different result on another trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*