*Kelley & Dickerson,* for plaintiff.
*E. L. Grantham, Mingledorff & Gibson,* for defendant.

22787. ADSMOND v. THE STATE.

Decided August 2, 1933. Rehearing denied September 6, 1933.

*H. J. McBride,* for plaintiff in error.

*S. W. Ragsdale, solicitor-general,* contra.

MacIntyre, J.   The defendant was indicted for a violation of § 20 of article 20 of the banking act (Ga. L. 1919, pp. 135, 216; 8 Park's Code Supp. 1922, § 2281(t); Michie's Code, § 211(20)). He was convicted, his motion for a new trial was overruled, and he excepted.   The indictment charges that on October 10, 1929, in Haralson county, W. G. Adsmond "did then and there unlawfully and with force and arms, being then and there an officer, cashier of the Home Bank of Tallapoosa, a chartered bank and operated under the laws of Georgia, and located in said county of Haralson, and as such officer having the general management of said bank, and having control of the funds of said bank, and having in his hands large sums of money belonging to said bank, said accused did embezzle, abstract, and wilfully misapply the sum of $857.54, of the value of $857.54, money belonging to and being the property of the said Home Bank of Tallapoosa, said sum of money having been intrusted to him, the said accused, for the use and benefit of said Home Bank of Tallapoosa, said accused did so embezzle, abstract, and wilfully misapply the said sum of $857.54 as aforesaid with intent to injure and defraud the said Home Bank of Tallapoosa, said accused did so embezzle said sums of money by taking the same out in cash, and by drawing checks, by issuing checks, which checks were cashed but were never charged to account of said accused and were never paid by said accused, but were paid out of the funds of said bank by the said accused, who then and there so embezzled said sums of money as aforesaid: all of said

acts of said accused were wilfully done with intent to injure said Home Bank of Tallapoosa as aforesaid. . . ."

The defendant demurred to the indictment on two grounds: first, that "said indictment is duplicitous and legally defective, in that it charges embezzlement, abstraction, and wilful misapplication of the funds referred to therein;" and, second, "that said indictment is legally insufficient because it fails to allege how the alleged wilful misapplication was made, and fails to allege facts showing that the alleged misapplication was unlawful." There is no merit in either of these grounds. As to the first, see *Slicer* v. *State,* 172 *Ga.* 445 (157 S. E. 664). As to the second, see *Norman* v. *State,* 44 *Ga. App.* 92, 98 (165 S. E. 22).

Special ground 1 complains that the judge, over the objection of the defendant, admitted in evidence the certificate of incorporation of the "Home Bank," with its principal office at Tallapoosa. The indictment alleges that the property embezzled was the property of the "Home Bank of Tallapoosa, a chartered bank and operated under the laws of Georgia, and located in said county of Haralson." The question presented for determination is whether or not there was a fatal variance between the allegation and the proof. In the words of the court in *Jackson* v. *State,* 76 *Ga.* 551, 568, "the question is one of identity of the party whose property was embezzled, and not merely one of identity of a name, and neither the court nor the jury could have been at a loss from this slight variance, to determine what person was referred to." P. W. Bonner, vice-president of said bank, J. R. McKibben, a director of said bank, S. J. Roebuck, assistant-cashier of said bank, and the defendant in his statement to the jury, all referred to the bank as the "Home Bank of Tallapoosa," the name alleged in the indictment. Manifestly, the bank was generally known under the name charged in the indictment. See *Davis* v. *State,* 105 *Ga.* 808, 812 (32 S. E. 158). The evidence shows that the property embezzled belonged to the bank alleged in the indictment. The variance between the charge in the indictment and the proof was not fatal. *Rogers* v. *State,* 90 *Ga.* 463 (16 S. E. 205).

It appears from special ground 2 that P. W. Bonner testified: "That was a shortage; I don't know how the overdraft came, but he [defendant] was reported to us short $2900. My recollection is that was around June, 1930. He admitted it to the board of

directors." If the defendant admitted a shortage to the board of directors, this was an admission of the main fact, not some subordinate fact or series of facts which could be true whether the main fact was true or not. *Fletcher* v. *State*, 90 *Ga.* 468, 471 (17 S. E. 100). If the defendant admitted he was short in his cash with the bank, without explanation, the fraudulent conversion could be inferred from this act. This was the admission of a fact involving criminal intent. *Owens* v. *State*, 120 *Ga.* 296, 299 (48 S. E. 21). We think the evidence authorized a charge on confessions, and we hold that there is no merit in the ground.

"The confession being direct evidence, the conviction did not depend exclusively upon circumstantial evidence; and, therefore, in the absence of an appropriate request, it was not erroneous for the court to omit to charge the law of circumstantial evidence." *Smith* v. *State*, 125 *Ga.* 296, 299. Under the foregoing rule we are constrained to hold adversely to the principal contention made by the plaintiff in error in special ground 3 of the motion for a new trial; and we are satisfied that the ground discloses no reversible error.

Special ground 4 is not argued or insisted upon in the brief of counsel, and is therefore treated as abandoned. In special grounds 5 and 6 complaint is made of two excerpts from the charge of the court which appear to be formulated from the following decisions: *Holder* v. *Farmers Exchange Bank of Stillmore*, 28 *Ga. App.* 21 (110 S. E. 762); *Jackson* v. *State*, 76 *Ga.* 553 (11-*b*); *Mangham* v. *State*, 11 *Ga. App.* 427 (75 S. E. 512). When considered in the light of the entire charge, these excerpts are not erroneous for any reason assigned. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*