## 26038. DARDARIAN v. THE STATE.

BROYLES, C. J. 1. Where one is charged with the offense of keeping intoxicating liquors on hand at his place of business, and the evidence shows that such liquors were found there, an inference arises that the liquors were in the defendant's possession. However, the inference is not conclusive, for it may be shown that they were not the property of the accused and were not there with his knowledge or consent. *Lewis v. State,* 6 *Ga. App.* 205 (2) (64 S. E. 701); *Autrey v. State,* 18 *Ga. App.* 13 (2) (88 S. E. 715).

2. In the instant case the defendant was charged with possessing intoxicating liquors, and the evidence was sufficient to authorize the jury to find that the whisky found in his restaurant was there with his knowledge and consent. The inference thereby raised that the whisky was in his possession was not rebutted by any evidence introduced. While the evidence as to the whisky being there with the defendant's knowledge and consent was circumstantial, it was sufficient to exclude every *reasonable* hypothesis save that of his guilt; and the judge correctly instructed the jury on the law of circumstantial evidence. In *Autrey v. State,* supra, it was stated that the circumstances in that case fully warranted the conviction of the accused, and that the judgment would have been affirmed if the court had charged the law of circumstantial evidence.

3. In view of the untraversed answer of the trial judge, none of the special assignments of error show cause for another trial of the case. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED FEBRUARY 2, 1937. REHEARING DENIED FEBRUARY 23, 1937.

*Kelley & Russell,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw, contra.*