## 26364. RICHARDS *v.* THE STATE.

GUERRY, J. The defendant was indicted and convicted of operating a gaming-house in violation of the Code, § 26-6401.

1. "Communications between attorney and client are, in this State, placed upon the same plane as those between husband and wife, because the lawmaking power has adjudged that the disclosure of communications between persons occupying those relations is inconsistent with the permanence of the relation." *Braxley* v. *State*, 17 *Ga. App.* 196, 204 (86 S. E. 425). However, "On the trial of a husband charged with a crime, conversations between him and his wife, when relevant, may be testified to by one who overheard them." *Hudson* v. *State*, 153 *Ga.* 695 (113 S. E. 519). It follows that conversations between attorney and client, when overheard or made in the presence of a third person, may be given in evidence, when relevant. While the attorney representing a

defendant would not be a' competent witness to testify as to communications between himself and the defendant, yet one employed by the State as special prosecutor is a competent witness to testify as to statements between the defendant and his counsel, made in his presence.

2. In misdemeanors there are no accessories, but all who counsel, procure, abet, aid and assist in the commission of a misdemeanor, are considered as principals. Therefore, where one is indicted for the operation of a gaming-house, a misdemeanor (Code, § 26-6401), and the evidence for the State discloses the operation of a large gambling establishment having numbers of employees, a statement made by the defendant "that he was a greeter, working there in the club to greet the folks as they came in," amounts to a confession of guilt of the crime charged. *Adsmond* v. *State*, 47 *Ga. App.* 444 (170 S. E. 525).

3. The judge did not err in giving in charge to the jury the law touching conspiracy.

4. "The confession being direct evidence, the conviction did not depend exclusively upon circumstantial evidence; and, therefore, in the absence of an appropriate request, it was not erroneous for the court to omit to charge the law of circumstantial evidence." *Smith* v. *State*, 125 *Ga.* 296, 299 (54 S. E. 127).

5. The court did not err in overruling the motion for new trial.

> *Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 9, 1937.

*Swift Tyler Jr., Ernest Walls,* for plaintiff in error.
*Roy Leathers, solicitor-general,* contra.