### 29186. GRAY v. THE STATE.

GARDNER, J. 1. A charge to the jury that "the indictment *sets out* a case against the defendant, that is, it charges a case against the defendant, a violation of a State law" (italics ours) is not an instruction that the indictment is evidence of the guilt of the accused. The court expressly charged, in addition to the law of presumption of innocence, etc., that "the grand jury . . found and returned into this court a true bill" against the defendant "charging him with the possession of liquor," and "his plea of not guilty and the indictment . . form the issue which you are trying and you will determine by your verdict." While the expression "sets out" may be equivalent, under some contexts, to "establishes," under the present context it is obviously equivalent to "charges" or "accuses" only.

2. When whisky is found on the premises of the defendant which are in his exclusive control and possession the inference arises that the pos-- session is that of the defendant and is with his knowledge and consent. However, this inference is rebuttable. *Dardarian* v. *State*, 55 *Ga. App.* 286 (190 S. E. 48) ; *Autrey* v. *State*, 18 *Ga. App.* 13 (2) (88 S. E. 715) ; *Morgan* v. *State*, 62 *Ga. App.* 493 (8 S. E. 2d, 694) ; *Thomas* v. *State*, 64 *Ga. App.* 315 (13 S. E. 2d, 92) ; *Lewis* v. *State*, 6 *Ga. App.* 205 (64 S. E. 701).
3. The evidence was sufficient to support the verdict of guilty of possessing whisky not bearing the required State revenue stamps.

Judgment affirmed. *Broyles, C. J., and MacIntyre, J., concur.*

DECIDED OCTOBER 14, 1941.

*Claude V. Driver,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general, W. A. Foster Jr.,* contra.

