36148, 36149. MILLER *v.* THE STATE (two cases).

260 

Decided July 11, 1956—Rehearing denied July 27, 1956.

*Scoggin & Martin, Maddox & Maddox,* for plaintiff in error.

*Chastine Parker, Solicitor, George Anderson, Assistant Solicitor,* contra.

Townsend, J. ■ The evidence in the record is for the most part undisputed, and the sole disputed issue is whether the defendant, who had been connected with the raided premises of the Callier Springs Golf Club for some 16 years was a person in such charge and control of the premises that he could be convicted as a principal in connection with the illegal possession of the liquor and slot machines. According to their testimony officers came to the club at around midnight with a search warrant; they saw the defendant driving away from the club and around the golf course as they arrived; he returned shortly and they showed him the warrant. The defendant appeared surprised and said, "I thought I would be notified," to which the officers replied either, "You've been notified too often," or "I don't do business that way." The party entered the club house and found a bar upstairs with 13 bottles of liquor, partly used, and a slot machine accessible to and easily seen by any person coming in. Downstairs there was another bar, another slot machine, and 9 bottles of liquor, partly used, behind the bar, the opened bottles having pouring spouts affixed to them. The defendant asked for and was given the pouring spouts. The defendant at another point asked the officers to turn their backs "so that they could take care of the machines," and, while the party was downstairs, he went back upstairs. Within a few minutes officers followed him upstairs and found the door to the room containing the slot

machine locked, although they had left it unlocked. They asked the defendant to open the door and he replied "You broke into the lockers. I am going to make you break the door." This had reference to a group of lockers near one of the bars which, when broken open, were found to contain large amounts of various brands of whisky in fifths and pints, as well as one bottle of gin, and which lockers appear to have been located separately from lockers belonging to club members. The defendant was described as not appearing overly concerned with the whisky, but very concerned about the slot machines, which he said were worth about $1,500. At another point he said, "You can make a friend as well as an enemy." The slot machines were found to play and pay off, and to contain $191 in change.

From the above summary it is obvious that the club house contained both illegal devices for hazarding money and whisky in prohibited quantity, both located in positions where a person having any connection with the club house could not fail to know of their existence. In misdemeanor cases, all who participate in the commission of the crime are by the law regarded as principals. In *Richards* v. *State,* 56 *Ga. App.* 377 (2) (192 S. E. 632) it was stated as follows: "In misdemeanors there are no accessories, but all who counsel, procure, abet, aid and assist in the commission of a misdemeanor are considered as principals. Therefore, where one is indicted for the operation of a gaming-house, a misdemeanor (Code § 26-6401), and the evidence for the State discloses the operation of a large gambling establishment having numbers of employees, a statement made by the defendant 'that he was a greeter, working there in the club to greet the folks as they came in' amounts to a confession of guilt of the crime charged. *Adsmond* v. *State,* 47 *Ga. App.* 444 (170 S. E. 525)." The statement of the defendant here that "he thought he would be notified" in the event of a raid, in connection with his other remarks and actions during the course of the search was sufficient to authorize the jury to infer that he was aiding and assisting in the commission of the misdemeanors.

The defendant offered no evidence and only made a statement in his behalf in which he contended that he had no connection with the club house and was in no way responsible for either the whisky or the slot machines found therein. He contended that

his sole connection with the country club was in his capacity as keeper of the golf greens and course. He did not deny the existence of the whisky and slot machines found in the club house as testified to by the officers. Had the jury seen fit to do so, they would have been authorized to accept this statement as true, in which case it would have been their duty to have acquitted the defendant. Such a verdict would not mean that the involved statutes had not been violated for the evidence demands a finding that they were. It could mean only that the jury was not satisfied from the evidence and the defendant's statement that he was connected with the violations. The verdict of guilty, however, concludes that question against the contentions of the defendant. Accordingly, the general grounds of the motion for a new trial are without merit.

■ The first three special grounds of the amended motion for a new trial in case No. 36149 complain of charges of the court which would have authorized the jury under stated conditions to convict the defendant as a person who "has in his possession, or under his control, or keeps and carries on any slot machines for the hazarding of money," it being contended that mere possession of a slot machine, without it being shown that it is systematically used for the purpose of gambling, is not such a "keeping" as is prohibited by the terms of Code § 26-6502. This question is decided adversely to the complainant in *Elder* v. *Camp*, 193 *Ga.* 320 (2) (18 S. E. 2d 622) wherein it is stated: "The mere keeping of a device for the hazarding of money being prohibited by law, and a device so kept being contraband, it is unnecessary, in showing the illegality of the device, to allege and prove a further violation of law by its actual operation." See also *Bryan* v. *State*, 120 *Ga.* 201 (47 S. E. 574); *Sable* v. *State*, 48 *Ga. App.* 174 (1) (172 S. E. 236). These special grounds are without merit.

■ The remaining special grounds assign error on the admission of photographs, on charging that prohibited liquors include gin (the evidence showing that gin was recovered from one of the lockers, but possession of gin not being charged in the accusation); charging the provisions of Code § 58-102, which includes provisions making it unlawful to sell liquor (sale of whisky not being charged in the indictment) and prohibits keeping prohibited

"liquors in any quantity"; and charging in such manner that the jury might have been authorized to convict as to liquors found in the locker rooms regardless of whether this liquor belonged to the club or to the individual members who might own such lockers.

Some of these special grounds show error. For instance the charge that whisky may legally be possessed by a member of a club in his locker to the extent of one quart on which the tax has been paid might authorize the jury to find a defendant guilty because he had some connection with the club as a manager or employee even though he had no control over the lockers of the members. Further, this charge is in conflict with § 58-102 of the Code, also given in charge and assigned as error because it relates to the sale of whisky with which the defendant was not charged, and prohibits the keeping of liquor in any quantity at a place of business or at any social fraternal or locker club. Obviously, if a member of such a club could keep a quart or less in his locker legally, it would not be a violation of the law for him to do so. This section has been modified by the Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. 1937-38, Ex. Sess., pp. 103 et seq.), and particularly by Code (Ann. Supp.) § 58-1073, providing that it shall not be unlawful to have and possess for use and not for sale, in any county of the State, 1 quart of the liquors there dealt with, and "this section shall be construed to repeal any and all laws in conflict with this section and as herein expressed." However, as pointed out in the first division of this opinion, the only issue for jury determination was whether possession of that whisky and those slot machines which undisputedly were so located that any person in charge would necessarily have knowledge thereof, could be charged against the defendant, and this issue was resolved by the verdict against him. Although the verdict of guilty was not demanded, because the defendant, in his statement, denied that he had any connection with the club except in connection with the care of the golf course itself, since the jury found against him on this issue, none of the errors complained of in the special grounds here dealt with would be material.

Accordingly, these errors could have had no bearing on the verdict of the jury finding that the whisky at the open bars and the slot machines in the club rooms were at least in part the

responsibility of the defendant. Error to be reversible must be harmful. *Dixie Freight Lines, Inc.* v. *Transportation, Inc.*, 53 *Ga. App.* 832 (4) (187 S. E. 281). Where the verdict would be the same whether the error was committed or not, it is not cause for reversal. *Rachels* v. *State*, 51 *Ga.* 374.

The admission of the photographs and the charge relating to prohibited liquors including gin are without error. With reference to photographs, they are usually admissible when properly identified by preliminary proof as showing an accurate representation of an object which is material to the issue. *Bryan* v. *State*, 206 *Ga.* 73 (55 S. E. 2d 574). Where the representation of the object, rather than its relation to other objects, is the fact sought to be shown, it is not a good objection that the object was moved before the photograph was taken. *Stembridge* v. *State*, 82 *Ga. App.* 214, 218 (60 S. E. 2d 491). Whether these particular photographs come within that rule so as to make them admissible or not is immaterial because, even if error, their introduction was harmless. The charge of the law describing prohibited liquors and beverages, including gin, was not error because whisky was contained therein. The defendant was charged with its unlawful possession and the evidence authorized a charge on the law relating to this subject. Accordingly, these special grounds of the amended motion for a new trial show no such error as to require reversal.

The trial court did not err in denying the motions for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*