38707, 38708.    BUCKLEY v. THE STATE (two cases.)

Decided April 11, 1961—Rehearing denied April 25, 1961.

*O. J. Tolnas, Jos. J. Gaines, Rupert A. Brown,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

JORDAN, Judge. 1. One witness for the State, a newspaper reporter, testified that he went to the Veterans Club on April 13 and 14, 1960, and again on April 19, 1960, and saw some 10 slot machines in operation there; that he played 2 or 3 of the machines; that they were fully exposed to view and that he saw numerous people playing the machines on these occasions. He further testified that on each occasion he visited the bar in this building and saw a quantity of liquor, as many as 10 quarts, behind the bar; that he saw and heard people order various mixed drinks such as martinis and bourbon and ginger ale; that the drinks were mixed and served by the man behind the bar who was paid for same. Another witness for the State, a newspaper photographer, stated that he visited this club on the night of April 19, 1960, and testified substantially as the first witness. He further testified that he took pictures of the slot machines being operated by persons at the club. These pictures were in-

troduced into evidence by the State. The following stipulation was introduced in evidence: "Defendant, Mayo C. Buckley, by and through his counsel, O. J. Tolnas, admits that the Veterans' Club of Athens, Georgia, is operated by a board of trustees, and that he, the said Mayo C. Buckley, is manager of said club and chairman of the board of trustees." Both witnesses for the State testified that they did not know Mayo C. Buckley and did not see him at the Veterans' Club on any of the occasions about which they testified. The defendant made a statement in which he stated: "As an individual I have never owned a slot machine or any gambling device in my lifetime; I have never owned, nor have I ever sold any liquor in my lifetime, nor have I ever received any of the proceeds from it." He also made the following statement: "Gentlemen of the jury, it is public knowledge and a matter of record of the Internal Revenue Department that the Veterans' Club has a license for slot machines. Likewise, it is a matter of public record that the Veterans' Club has a Federal retail license for liquor. That has not been denied."

From the evidence shown above the jury was authorized to find that the defendant Buckley was the manager of this club and that he had actual knowledge that the club kept intoxicating liquors on its premises and engaged in the sale of same and that slot machines were kept and operated by said club. " 'All who procure, counsel, command, aid or abet the commission of a misdemeanor are regarded by the law as principal offenders and may be indicted as such.' The manager of a social club who orders intoxicating liquors for the use of its members, and who either directly or indirectly procures, counsels, commands, aids, or abets in the making of a sale of such liquors, is guilty as a principal. This is true even though he may not have been present when the particular sale was made, and had no knowledge of it until after it was consummated." Deal v. State, 14 Ga. App. 121 (1) (80 S. E. 537); Richards v. State, 56 Ga. App. 377 (192 S. E. 632); Miller v. State, 94 Ga. App. 259, 261 (94 S. E. 2d 120). The jury was authorized to find that the defendant had actual knowledge that such illegal activities were being carried on in the club and that he had actual control over management of

said club, distinguishing this case from *Green v. City of Atlanta*, 16 Ga. App. 577 (85 S. E. 815); and *Wright v. State*, 14 Ga. App. 185 (80 S. E. 544), relied upon in the defendant's brief. Accordingly, the general grounds of the motion for new trial are without merit.

2. Special grounds 1 and 2 complain of the following portions of the charge, "Possession may be either actual or constructive," and "I charge you that you are not concerned with the elements of title or ownership, these are not issues for you to determine concerning the contraband described in this indictment." These grounds are without merit.

3. The only other special ground contends that the State relied entirely upon circumstantial evidence and assigns error on the failure of the trial court to charge the rule of circumstantial evidence, even though such charge was not requested.' It is a well-established rule in criminal cases that where proof of the defendant's guilt depends wholly upon circumstantial evidence, failure to charge the jury on circumstantial evidence is reversible error. *Autrey v. State*, 18 Ga. App. 13 (88 S. E. 715). In the instant case, the defendant made a statement which would authorize the jury to find that he had actual knowledge of the operation of the slot machines at the club as well as the possession and sale of liquor at the club. "It is well settled that the statement of a defendant to a jury is a statement made in judicio and is binding on him. Where the defendant makes an admission of a fact in his statement, such admission is direct evidence, and the State need not prove such fact by any other evidence." *Barbour v. State*, 66 Ga. App. 498, 499 (18 S. E. 2d 40); *Dumas v. State*, 62 Ga. 58 (3). Such admission in this case was direct evidence, and it is not error to fail to charge the law of circumstantial evidence in the absence of a request when there is direct evidence in the case. *Hill v. State*, 214 Ga. 794 (3) (107 S. E. 2d 662); *Ramsey v. State*, 212 Ga. 381 (2) (92 S. E. 2d 866). This is true even though the court during the charge stated: "Of course, gentlemen, you understand these general sections of the law must be charged in any sort of a misdemeanor. I must define misdemeanors to you, I must tell you about burden of proof, and also define direct and circum-

stantial evidence, and the form of your verdict." This ground is, therefore, without merit.

Accordingly, the trial court did not err in refusing the grant of a new trial in either case on any of the grounds in the motion for new trial as amended.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*