39272. KENT v. THE STATE.

DECIDED JANUARY 29, 1962—REHEARING DENIED FEBRUARY 15, 1962.

*Stevens & Stevens,* for plaintiff in error.

*Kenneth E. Goolsby, Solicitor-General,* contra.

JORDAN, Judge. 1. Where the evidence shows that intoxicating liquor was found in the place of business of one charged with possession of such liquor, an inference arises that said liquor was in the defendant's possession. Such inference is not conclusive, but may be rebutted by showing that such liquor was not the defendant's property and was not there with his knowledge and consent. *Dardarian v. State,* 55 Ga. App. 286 (190 SE 48); *Lewis v. State,* 6 Ga. App. 205 (2) (64 SE 701).

The undisputed evidence in this case disclosed that a quantity of unstamped and non-tax-paid liquor was found in the defendant's place of business, concealed behind a counter, by the investigating officers when the defendant opened his place of business on the morning of January 11, 1961. The evidence further showed that only the defendant and two employees had keys to the place of business. The two employees testified positively that no liquor was in the place of business when they closed it the preceding night around 11:30 p. m., and denied having any knowledge of liquor being on the premises.

The defendant stated that "Milas Vandiver had a key to it; Ollie Whitaker had a key. They was the last ones there, and I never went back until 8 o'clock the next morning. It was not my whiskey. I hadn't had no whiskey there; and they couldn't say it is my whiskey and tell the truth. Now, what Ollie Whitaker and Milas Vandiver done while I was gone, I do not know." The defendant also stated that there was no liquor on the premises when he left his place of business at 3:00 p. m. on the preceding day.

From this evidence the jury was authorized to conclude that the liquor was placed there by someone having access to the premises after the business was closed. They were further authorized to believe the defendant's employees and reject the defendant's statement, thus concluding that of those who had access to the premises, the defendant was the one who placed the liquor there.

Whether or not the defendant presented sufficient evidence to rebut the inference arising from the finding of the liquor in his place of business was a question for the jury. By their verdict, they decided this question against the defendant.

The verdict in this case was supported by the evidence and the trial court did not err in denying the general grounds and special ground one which merely amplified the general grounds. *Hendrix v. State*, 24 Ga. App. 56 (1) (100 SE 55); *Ellis v. State*, 51 Ga. App. 557 (181 SE 87); *Morgan v. State*, 62 Ga. App. 493 (8 SE2d 694); *Jones v. State*, 73 Ga. App. 584 (37 SE2d 409).

■ An objection to evidence as being prejudicial, irrelevant, immaterial, and having no bearing on the issues in the case, is too general to raise a question for determination by this court. *Hayes v. State*, 36 Ga. App. 668, 669 (e) (137 SE 860); *Owen v. State*, 78 Ga. App. 558 (2) (51 SE2d 602); *Sweat v. State*, 103 Ga. App. 747, 748 (120 SE2d 653). Special ground 2, which assigned error on the admission of evidence over said objection, is therefore without merit.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*