### 42078. MILLER v. THE STATE.

DEEN, Judge. 1. "Where the evidence shows that intoxicating liquor was found in the place of business of one charged with possession of such liquor, an inference arises that said liquor was in the defendant's possession. Such inference is not conclusive, but may be rebutted by showing that such liquor was not the defendant's property and was not there with his knowledge and consent." *Kent v. State,* 105 Ga. App. 312 (1) (124 SE2d 296). This is not a presumption of law but an inference arising from a given state of facts, and may apply to one in charge of an establishment as its proprietor although he is not in fact the owner. See *Miller v. State,* 94 Ga. App. 259 (94 SE2d 120). The inference will not arise where it appears that the liquor is found in a location equally accessible to the defendant and others not members of his immediate family and where there is no direct evidence connecting the defendant with the illegal possession to the exclusion of such others. *Harper v. State,* 85 Ga. App. 252 (1) (69 SE2d 102); *Lunceford v. Mayor &c. of Washington,* 17 Ga. App. 730 (2)

(88 SE 212); *Rhoddenberry v. State,* 50 Ga. App. 378 (178 SE 170).

2. Under a search warrant naming particularly the store of E. D. Ridley as the place to be searched for nontax-paid liquor, officers entering the grocery found the defendant, who stated that he was running the place for Mr. Ridley, and one customer. Twelve to sixteen pints and half pints of tax-paid liquor were found under some rags in a box which had been shoved behind or under a counter-top Coca-Cola box. An additional seven to ten cases of bonded whiskey were located in a closet in the living quarters section of the building. There was evidence that the defendant was seen almost daily working at the grocery store, but no evidence that the owner or any other person worked at the store and no evidence as to who had access to the living quarters. The defendant introduced no evidence and made no statement. The liquor was not located in a place accessible to customers. So far as appears from the scanty evidence introduced, none of which was denied by the defendant, he was the only person "running" the business of the store. Indubitably, the verdict of guilty of possessing an illegal amount of tax-paid liquor was not unauthorized for any reason assigned.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED JUNE 8, 1966—DECIDED JUNE 22, 1966—
REHEARING DENIED JULY 8, 1966.

*Stafford R. Brooke,* for appellant.
*R. L. Vining, Jr., Solicitor General,* for appellee.