## 48925. GEE et al. v. THE STATE.

STOLZ, Judge. The two defendants appeal from their convictions of possessing amphetamines in violation of the Georgia Drug Abuse Control Act upon which they each received a sentence of two years' imprisonment and a $2,000 fine. *Held:*

1. In enumerated error 1, the appellants contend that the verdicts were not supported by the evidence, as it did not exclude every other reasonable hypothesis except that of guilt.

"'Where the evidence shows that [contraband] was found in the place of business of one charged with possession of such [contraband], an inference arises that said [contraband] was in the defendant's possession. Such inference is not conclusive, but may be rebutted by showing that such [contraband] was not the defendant's property and was not there with his knowledge and consent.' *Kent v. State,* 105 Ga. App. 312, 313 (124 SE2d 296). If [contraband] is in the defendant's business premises and he knows it, he possesses it by acquiescence and is criminally liable

therefor. The defendant's knowledge may be proved by facts and circumstances from which it could be reasonably inferred that he knowingly had, possessed, or controlled the [contraband]. *Rhoddenberry v. State,* 50 Ga. App. 378, 380 (178 SE 170)." *Fields v. State,* 114 Ga. App. 423 (151 SE2d 546). "The inference will not arise where it appears that the [contraband] is found in a location equally accessible to the defendant and *others not members of his immediate family* and where there is no direct evidence connecting the defendant with the illegal possession to the exclusion of such others." (Emphasis supplied.) *Miller v. State,* 114 Ga. App. 57 (150 SE2d 353) and cits. "Whether or not the defendant presented sufficient evidence to rebut the inference arising from the finding of the [contraband] in his place of business was a question for the jury." *Kent v. State,* 105 Ga. App. 312, 314, supra. Hence whether every reasonable hypothesis except that of the guilt of the defendants had been excluded, was a question for the jury where the jury was properly instructed on circumstantial evidence. See *Autrey v. State,* 18 Ga. App. 13 (88 SE 715) and cits.; *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474) and cits.

The evidence showed that defendant Horace Gee owned and operated the place of business (a service station and store) where almost 1000 concealed amphetamine pills were seized. He employed his brother, defendant Billy Gee, to help him run the business. Some of the pills were concealed inside machinery in the service station and the remainder inside an opening in a concrete block pillar in the building's basement, which Horace had had constructed and of which opening in the pillar he was aware. There were three keys to the locked basement; Horace had one, Billy had another (yet he denied to the arresting officers that he knew what lock it fitted), and the third was contended to have been available to Horace's employees generally (who were mostly, if not entirely, Horace's relatives). Horace testified that the other employees used the basement in connection with his "septic tank business," but no equipment incident to such a business was found therein by the arresting officers. Horace testified to having seen pills of this type (which he admitted he knew were illegal) in the possession of and used by all of his employees. This admission in judicio was *direct* evidence of at least his knowledge of possession of contraband by all of his employees, including his co-defendant brother (*Buckley v. State,* 103 Ga. App. 558, 561 (120 SE2d 192)), and circumstantial if not

direct evidence that the contraband was on his business premises with his knowledge and acquiescence.

The evidence authorized the findings that defendant Horace Gee was the owner and operator of a family-operated type business, and that at the least he condoned the possession of contraband on his premises and at most operated a large-scale illicit sale of such contraband, in which operation co-defendant Billy Gee participated. The case at bar is distinguished by the evidence from the case of *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480), a drug abuse case involving defendant Horace Gee. The verdicts were supported by the evidence.

2. In enumerated error 2, the appellants contend that the italicized portion of the following instruction given to the jury rendered erroneous the otherwise correct instruction: "Now if you determine from the evidence that persons other than the defendants named in this indictment had equal opportunity to place the articles of contraband upon the described premises, then and in that event you would be bound to return a verdict in favor of the defendants, *unless it be shown that the defendants shared possession or control with another person."* The instruction given, in its entirety, also contained the further phrase, "and aided and abetted or procured the other person in possessing and having under his control the contraband drugs," which phrase made the instruction proper under the authorities cited in Division 1 hereinabove.

3. In enumerated error 3, it is contended that the aforementioned instruction was erroneous in that the evidence showed that neither of the two defendants was physically present nor had the contraband in his physical possession at the time and exact place the contraband was seized. That such presence is not required to constitute possession, was held in *Hendrix v. State,* 24 Ga. App. 56 (1) (100 SE 55).

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

SUBMITTED JANUARY 16, 1974 — DECIDED JANUARY 24, 1974.

*Greer, Sartain & Carey, Jack M. Carey,* for appellants.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg,* for appellee.