## 50391. CRUMLEY v. THE STATE.

QUILLIAN, Judge.

The defendant was indicted, tried and convicted for a violation of the Georgia Drug Abuse Control Act—possessing or controlling "amphetamine drugs." See Code Ann. § 79A-903 (b2) (Ga. L. 1967, pp. 296, 344; 1970, pp. 470, 471) applicable to the offense which was committed on December 28, 1973. His motion for new trial was overruled and appeal was taken to this court. *Held:*

1. The following charge is assigned as error: "Now I charge you that in case of a dwelling or home occupied by a single family, the contents therein including any drugs, if there were any, may be inferred to be in possession of the head of the house. However, such inference is a rebuttable inference, and by that is meant, that any inference of possession occasioned by being the head of the house may be overcome by it being shown that the drugs were not the property of the head of the house, and that they were not there with his knowledge and consent."

The defendant argues that the charge was error because the trial judge used the word "may" while he contends that the instruction should use the term "is."

The rule is as set forth in *Miller v. State,* 114 Ga. App. 57 (150 SE2d 353): "Where the evidence shows that intoxicating liquor was found in the place of business of one charged with possession of such liquor, an inference arises that said liquor was in the defendant's possession. Such inference is not conclusive, but may be rebutted by showing that such liquor was not the defendant's property and was not there with his knowledge and consent." Accord, *Dardarian v. State,* 55 Ga. App. 286 (190 SE 48); *Kent v. State,* 105 Ga. App. 312, 313 (124 SE2d 296).

The charge in question substantially set forth the law with regard to presumptions arising from ownership. It was not error for the reasons assigned.

2. On direct examination the defendant stated that he had never seen the amphetamine pills with which he was charged before in his life. On cross examination the district attorney asked him if he had ever seen any before and the witness stated of that kind no. The question then was posed "well had you ever seen amphetamines before."

At this time objection was interposed. The objection was overruled and the witness answered "yes, I have seen amphetamine tablets. . . capsules."

The following questions and answers then took place: "Q. How many have you seen — capsules? A. Um humm (indicated yes). Q. How many have you seen? A. I've seen a few. Q. Well, how many? A. I didn't count them. Q. Well, Approximately how many? A. Oh, a thousand or two maybe. Q. Where did you see them? A. Drug store. Q. Any other place? A. Not necessarily. Q. I didn't asked you, not necessarily, I asked you if you'd ever seen them any other place? A. I've seen you with them. Q. Well, have you ever seen anybody else with them"? Counsel for the defendant then objected on the grounds that the question was argumentative and was attempting to put the defendant's character into issue. Counsel also made a motion for a mistrial. The jury was excused. After hearing argument of counsel the jury returned to the courtroom and the court gave them the following instructions: "Now members of the jury, before you were retired to the jury room, in response to a question from [the district attorney], the defendant stated that he had seem amphetamines before with [the district attorney], that is not a proper matter for consideration in this case, nor for consideration by you as the jurors, and you will disregard that, erase that from your minds and give no consideration to that whatsoever. You may proceed." After this instruction the district attorney asked the following question: "Mr. Crumley, I believe you testified that you had seen several thousand amphetamines before, is that correct?" Objection was made to this question followed by a request for a mistrial. The objection was overruled and the motion for mistrial was denied. The following questions and answers then transpired: "Q. How many amphetamines such as this have you seen? A. Just what you got in your hand there. Q. Never seen any like this before? A. I've seen Mr. Perra with them at the jail. Q. What kind of capsules did you see that was amphetamines? A. RJS's, that you buy at a drug store. Q. RJS's? A. Right. Q. Did you ever see any that — any type that you didn't buy at a drug store, RJS's? A. No, I never have." At this point counsel objected and moved for a mistrial. His objection was sustained and the motion for

mistrial was denied.

Our appellate courts have pointed out in various decisions the fact that the individual was seen in a "police car," "in court" or that a policeman knew him did not constitute putting the defendant's character in evidence. *McGaskey v. State,* 115 Ga. App. 627 (155 SE2d 817); *Cherry v. State,* 220 Ga. 695 (3) (141 SE2d 412); *James v. State,* 223 Ga. 677 (157 SE2d 471). See *Creamer v. State,* 229 Ga. 704, 708 (2) (194 SE2d 73).

It seems clear in this situation although there might be some inference in conjunction with the evidence, there was not sufficient inference to place the defendant's character in issue. The district attorney certainly treaded on dangerous ground with the questions which were asked of the defendant; however, the trial judge sustained the objections before any evidence which would tend to place the defendant's character in issue was allowed and hence it was not error to overrule the motion for mistrial.

We cannot say from a review of the transcript and the portions which we have quoted that the defendant was harmed by the examination of the district attorney. In such case Enumerations 2, 3 and 4 are without merit.

3. During the closing argument to the jury the district attorney stated: "One indictment that I read out of course is not admissible because it does not affirmatively show that there was an attorney involved." Objection was interposed by the defendant's counsel and motion made that he either be rebuked or mistrial declared. The court ruled that the argument was improper and charged the jury to disregard the statement. However, according to the contention of defendant's counsel, he did not sufficiently rebuke the district attorney nor declare a mistrial. The following colloquy took place: "Well, I think this would be improper argument, [district attorney], to argue an indictment that the court has ruled out, because of its not being complete or showing on the face whether or not he was represented by counsel. [District Attorney]: Well, I apologize to the court and to counsel. The Court: The jury will completely disregard this and erase it from your minds. It is improper argument. Proceed."

In the context, this was sufficient compliance with Code § 81-1009. See *Butts v. State,* 126 Ga. App. 512 (3)

(191 SE2d 329); *Bennett v. State,* 130 Ga. App. 510 (1) (203 SE2d 755); *Cummings v. State,* 226 Ga. 46, 50 (4) (172 SE2d 395). See also *Pritchard v. State,* 225 Ga. 690 (1) (171 SE2d 130).

4. The following affidavit was given pursuant to issuance of a search warrant. "1. I, Fred E. Perra, being duly sworn, depose and say that I am a Deputy Sheriff of Hall County and of the District Attorney's Office of the Northeastern Judicial Circuit, and as such am authorized to make searches and seizures. 2. Travis W. Crumley has had a reputation with Affiant for over seven (7) months as being a trafficker of illegal drugs, and over this period Affiant has received numerous information from reliable Confidential Informants and from community citizens as to his involvement in illegal drug sales at the above described premises. 3. Within the past thirty (30) days Affiant received information from a reliable and Confidential Informant whose information has proven valid in the past, and whose information and assistance given to Affiant during the past month and a half (1-1/2), has led to three (3) undercover illegal drug buys from known dealers in illegal drugs in Hall County, that he has personal knowledge that Travis W. Crumley is a major retailer of illegal drugs in this Area and is rapidly expanding to assume control of all illegal drug sales in this area. This same Confidential Informant further stated to Affiant that he has personal knowledge that within the past month a dealer of illegal drugs from whom he (Informant) had personally purchased illegal drugs had been forced by Travis W. Crumley to stop selling illegal drugs because this seller had been retailing illegal drugs at a price lower and in competition to Travis W. Crumley. 4. On December 27, 1973, Affiant personally received information from a person who voluntarily stated that he has personal information gained over a one (1) year observation period that Travis W. Crumley is selling illegal drugs on a large scale; and that the illegal drug sales were being made on the above described premises. Informant is a person with no known criminal record, a mature person, regularly employed, a resident of the community in good standing who demonstrated truthful demeanor. 5. In November of 1968, Travis W.

Crumley was convicted of a violation of the Georgia Drug Abuse Control Act, in the Superior Court of Hall County."

The defendant contends that this affidavit fails to show the necessary probable cause within the meaning of the cases interpreting the 4th Amendment to the United States Constitution.

We consider only the affidavit since during the hearing on the motión to suppress the search warrant and the results of the search the witness for the state testified that this was the only proof offered to the magistrate at the time of the hearing before him and that no oral testimony was given.

In a recent case before this court, *State v. Babb,* 134 Ga. App. 302 (214 SE2d 397), Judge Clark quoted from United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684): "Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." That same decision also pointed out the need for a "commonsense and realistic" reading of an affidavit.

Here the circumstances in their entirety are sufficient to establish probable cause. See United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723), where the Supreme Court observed that a factual basis for believing the informant coupled with the affiant's own knowledge of the accused's background afforded sufficient grounds upon which a magistrate could reasonably issue a warrant. See also *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473).

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

ARGUED MARCH 11, 1975 — DECIDED JUNE 20, 1975 — REHEARING DENIED JULY 14, 1975 — ▮

*Howard T. Overby, Greer, Sartain & Carey, Jack M. Carey, Oliver & Walters, James M. Walters,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.