## 51727. BRADLEY v. THE STATE.

SUBMITTED JANUARY 15, 1976 — DECIDED JANUARY 30, 1976 — REHEARING DENIED FEBRUARY 17, 1976 —

*James R. Venable, J. W. Claxton,* for appellant.
*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The defendant enumerates the general evidentiary grounds as error. The vehicle which contained the contraband was not registered in the defendant's name and the address of the named registered owner proved to be that of a totally innocent party. The defendant's story, corroborated by another witness, that he merely directed an unidentified man whose car radiator was leaking to the repair shop where the vehicle was eventually located was rebutted by the state's evidence that the radiator had never been damaged or repaired. There was testimony that the defendant

claimed ownership of the vehicle and also admitted having driven it to its location and locked it; the defendant denies making such claims and denies that he performed such acts with the vehicle. We are aware of no case which construes "possession" to encompass more than actual physical possession or constructive possession inferred from discovery of contraband on premises under the defendant's control. We are not prepared to say that upon evidence of claimed ownership of the vehicle and acknowledgment of the presence of contraband therein a jury could not find the defendant to be in "constructive" possession of the drugs. *Gee v. State,* 130 Ga. App. 634 (204 SE2d 329). " 'If a person is driving an automobile or has an automobile in his possession, custody or control, all in that automobile is presumed to be his and in his possession. However, that presumption is a rebuttable one. . . ' " *Watson v. State,* 93 Ga. App. 368 (91 SE2d 832). The defendant questions whether this court would believe that he would claim possession of the vehicle and knowledge of its contents if he were really aware of the implications of such statements; the issue is not, however, what this court believes but what the jury chose to believe upon hearing testimony as to the defendant's statements and his subsequent denial of such claims when he took the stand in his own defense. We believe that the evidence authorized the jury to find that the defendant claimed possession of the vehicle, claimed that he drove the vehicle to its location, claimed that he locked it and that he subsequently acknowledged awareness of its contents and that this evidence supports a verdict of guilty of "constructive" possession under former Code Ann. § 79A-904 (c).

2. The defendant cites as error the admission into evidence, over a hearsay objection, the details of a telephone conversation between a witness for the prosecution and an unknown caller. The transcript reveals that the trial judge admitted such testimony under the exception found in Code § 38-302 "to explain conduct and ascertain motives." This was a correct ruling, even though it would have been more regular to admit only the fact that a conversation occurred, without going into the particulars of what was said. *Kelley v. State,* 82

Ga. 441 (3) (9 SE 171).

3. The defendant urges that error was committed when the trial judge allowed, over hearsay and "attorney-client" privilege objections, testimony as to a witness' prior inconsistent statement which was damaging to the defendant. The transcript reveals that this testimony was offered solely for impeachment purposes and that the procedure followed by the state was within the confines of Code § 38-1803. We find no Georgia authority directly on point with regard to use of hearsay to impeach a witness in a *criminal* case. But see *American F. &c. Co. v. McWilliams,* 55 Ga. App. 658 (191 SE 191). But we are persuaded by two United States Supreme Court cases that the testimony was properly admitted because the judge correctly limited its consideration by the jury to the impeachment of a witness by prior contradictory statements. Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1); Oregon v. Hass, 420 U. S. 714 (95 SC 1215, 43 LE2d 570). Likewise, the witness was a third party to the conversation and his testimony would not be subject to the attorney-client privilege. *Richards v. State,* 56 Ga. App. 377 (1) (192 SE 632). No error was made.

4. The defendant contends the dismissal of the jury upon its reaching a verdict and the subsequent imposition of sentencing by the trial judge acting alone was error because the crime was committed prior to the effective date of our new sentencing law though the trial was held after the new statute became operational. This argument has been heard before and has been rejected. *Jones v. State,* 233 Ga. 662 (2) (212 SE2d 832).

5. The defendant objects to the trial judge's charge to the jury on expert testimony and impeachment and credibility of witnesses. The record reveals that the jury charges now objected to were requested by the defendant himself. There was no reversible error. *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612).

6. The defendant contests the jury charge which dealt with the presumption of wilful acts and of intended consequences found in Code Ann. §§ 26-603, 26-604, urging that such a charge was not applicable. We disagree. The defendant was on trial for violation of a criminal statute; "crime" is defined in Code Ann. § 26-601,

in part, as requiring an intention (or criminal negligence) in joint operation with the criminal act (or omission to act). Therefore the question of wilfulness and intent is always applicable in a criminal case. Charging the jury on Code Ann. §§ 26-603, 26-604 was not error.

7. The defendant objects to the court's charge on the law of possession, custody and control. The record reveals that the charge was adjusted to the evidence and was a correct statement of the law. *Watson v. State,* 93 Ga. App. 368, supra; *Cheatham v. State,* 57 Ga. App. 858 (197 SE 70); *Lee v. State,* 126 Ga. App. 38 (189 SE2d 872); *Neal v. State,* 130 Ga. App. 708 (204 SE2d 451). This enumeration of error is without merit.

8. The defendant contends error was committed by the trial judge's expression or intimation of an opinion as to "what has or has not been proved," citing Code § 81-1104. The record shows that the comment objected to was in direct response to the defendant's objection to the materiality of a witness' testimony. "The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused." *Waddell v. State,* 29 Ga. App. 33 (5) (113 SE 94); *Herndon v. State,* 45 Ga. App. 360 (4) (164 SE 478).

*Judgment affirmed. Quillian and Webb, JJ., concur.*